## W. R. EMERSON ET AL. V. S. B. SCOTT ET AL.

### Decided April 12, 1905.

**1.—Evidence—Lawyer—Privileged Communication.**

A statement by a testator to the lawyer preparing his will that a debt, which by his will was relinquished to the debtor, was secured by a deed of the debtor's property to him was inadmissible, in an action by such debtor against the heirs and devisees of the testator, to show that the deed in question was a mortgage and was released by the will; the declaration was a privileged communication and the heirs, devisees and representatives of declarant could claim the privilege.

**2.—Same.**

The exception permitting the attorney who wrote a will to testify to statements by the testator applies only between litigants who claim under such will, and is not available to one who, though a devisee under the will, is asserting in the litigation rights not derived therefrom, but claimed adversely to the testator.

**3.—Evidence—Party—Transactions with Decedent.**

The right to exclude testimony by a party as to a transaction with a decedent is limited to his heirs and representatives, and is not available to his devisees or legatees.

Error from the District Court of Dallas County. Tried below before Hon. Richard Morgan.

*Gano, Gano & Gano, Henry & Henry, W. P. Finley, W. J. J. Smith* and *Coombs & Taylor,* for plaintiffs in error.—Every communication which a client makes to his legal adviser for the purpose of professional advice or aid upon the subject of his rights or liabilities is to be deemed confidential. Flack v. Neill, 26 Texas, 276; Warner Mfg. Co. v. Houston (Texas), 28 S. W. Rep., 405; McIntosh v. Moore, 22 Texas Civ. App., 22; Henderson v. Terry, 62 Texas, 285; Stallings v. Hullum, 79 Texas, 421; Abrams v. The State, 31 Texas Cr. App., 451; Orman v. The State, 22 Texas Cr. App., 604; Vogel v. Gruaz, 110 U. S., 311; People v. Buchanan, 145 N. Y., 1; Kant v. Kessler, 114 Pa. St., 603; Greenleaf on Evidence, vol. 1, sec. 239.

The client and his heirs, representatives and devisees may claim privilege; and such privilege remains for the benefit of said parties until waived, and the waiver must be distinct and unequivocal. Pearsall v. Elmer, 5 Redf., N. Y., 181; Brown v. Butler, 71 Conn., 576; Fossler v. Schriber, 38 Ill., 173; Winters v. Winters, 102 Iowa, 53; Tate v. Tate, 75 Va., 522; McIntosh v. Moore, 22 Texas Civ. App., 22; Am. & Eng. Enc. of Law, vol. 23, p. 82.

*Word & Charlton,* for defendants in error.—The reason of the general rule which excludes from evidence confidential communications from client to attorney does not apply to communications made to an attorney by a testator while giving instructions for drafting a will. Jones on Evidence, 3d vol., sec. 773; Rice on Evidence, 2d vol., pp. 649 and 650; O'Brien v. Spalding, 66 Am. St. Rep., 202.

The court erred in refusing to permit the plaintiff to prove by his own testimony the consideration for which said instrument in dispute was executed, and that the same was intended by both the plaintiff and S. P. Emerson for a mortgage to secure certain debts, as shown by plaintiff's bill of exception, No. 2. Newton v. Newton, 77 Texas, 508; Mitchell v. Mitchell, 80 Texas, 111.

KEY, ASSOCIATE JUSTICE.—S. B. Scott brought this suit against W. R. Emerson and a number of other defendants, for the purpose of canceling a deed and removing cloud from title. The deed purported to convey the land to S. P. Emerson, under whom the defendants claim.

The plaintiff alleged that the instrument, though in form a deed, was executed for the purpose of securing a debt, and was therefore a mortgage; that S. P. Emerson, who is now deceased, made a will, by the terms of which he remitted and relinquished unto the plaintiff the indebtedness secured by the alleged mortgage.

The defendants interposed several special defenses, which we deem

it unnecessary to discuss in this opinion. There was a jury trial resulting in a verdict and judgment for the plaintiff, and the defendants have brought the case to this court by writ of error.

Without discussing in detail the various questions presented in plaintiff in error's brief, we hold that the trial court ruled correctly in all the matters complained of except in overruling the objections urged to the testimony of the witness Arthur Ponsford, complained of in the sixth assignment of error. The witness referred to was a lawyer and was employed and consulted by S. P. Emerson in reference to making his will, and after such consultation the witness prepared the will, and the court, over the objection of the defendants, permitted him to testify that during his consultation with the testator, the latter told him that the notes which he held against the defendant in error were secured by a deed to his property. The witness testified that Emerson told him that Scott owed him about $4,000, for which he held as security a deed to all of his property, and that Scott would be glad to get it back. This testimony was objected to upon the ground that it was a privileged communication from a client to his legal adviser, and the court overruled the objection. The objection was well taken, and should have been sustained. The client and his heirs, representatives and devisees may claim the privilege, and such privilege remains in force until waived. (McIntosh v. Moore, 22 Texas Civ. App., 22; 23 Am. & Eng. Ency. Law, 2d ed., 70.)

Counsel for the defendant in error contend that the testimony complained of comes within an exception to the general rule, citing among other authorities, O'Brien v. Spalding, 66 Am. St. Rep., 202. The authorities cited, and others examined, hold that as between litigants who claim under the testator, and especially when the question of mental capacity to make a will is involved, the attorney who wrote the will may testify as to statements made to him by the testator. The leading case, and perhaps the one establishing the exception to the general rule, is Russell v. Jackson, 9 Hare, 386, decided in 1851 by the English High Court of Chancery. And in that case the court held that the reasons of the rule which protects from disclosure communications made in professional confidence apply in cases of conflict between the client or those claiming under him and third persons, but do not apply in cases of testamentary disposition by the client as between different parties, all of whom claim under him.

We do not think this case falls within the exceptions referred to. It is true that Scott, the defendant in error, was a devisee under Emerson's will, but he does not claim title to the land in controversy through the will or under Emerson. His assertion of title is antagonistic to Emerson, and all persons claiming under him; and therefore this case does not come within the exception referred to. True it is, the will relinquished his indebtedness to the estate, but there was no dispute about that fact. The gist of his case rested upon his averment that the instrument, executed by him in form of a deed, and which apparently vested absolute title in Emerson, was, in legal effect, a mortgage only; and on that issue he was claiming adverse to Emerson and all persons claiming under him; and the testimony complained of, related to

that issue. Hence we hold that the trial court committed error when it admitted the testimony referred to.

By cross assignments the defendant in error complains of the ruling of the trial court in excluding certain testimony offered by him. He offered to testify in his own behalf that the deed in controversy was executed for the purpose of securing certain debts, and was intended as a mortgage. This was objected to upon the ground that, Emerson being dead, and this being a suit against his heirs and legal representatives, the adverse party, on account of statutory prohibition, was not a competent witness to prove transactions between himself and Emerson. The statute referred to is limited to heirs and legal representatives, and does not include devisees and legatees. (Newton v. Newton, 77 Texas, 508; Mitchell v. Mitchell, 80 Texas, 111.)

It was shown in this case that the defendants in the court below had formerly engaged in litigation among themselves concerning the validity and legal effect of the will of S. P. Emerson; and that an agreed judgment had been rendered in that litigation by which three churches, defendants in this suit, recovered an interest in the estate as legatees under the will of Emerson; and the other defendants recovered an interest therein as his heirs. Hence we hold that as between Scott and the churches referred to, the testimony was admissible, but as against the other defendants, it was not admissible. The court should have admitted the testimony and instructed the jury to consider it only as against the churches who held as legatees under the will.

The letter written by Scott to S. P. Emerson, and offered in evidence by Scott, was not admissible, and the court properly sustained the objections urged against it.

For the error pointed out in admitting the testimony of the witness Ponsford, the judgment is reversed and the cause remanded.

*Reversed and remanded.*