ROBERTS v. CARLISLE et al.   (No. 10076.)

Court of Civil Appeals of Texas.   Dallas.
Feb. 4, 1928.

Rehearing Denied March 17, 1928.

1. Witnesses ⬤➾150(3)—Law relative to evidence of transactions with deceased held inapplicable, in case of action by or against legatee or devisee (Rev. St. 1925, art. 3716).

Rev. St. 1925, art. 3716, relative to introduction of evidence as to transactions with deceased in actions by or against executors, administrators, or guardians, *held* inapplicable, in case of actions by or against legatee or devisee of a decedent.

2. Witnesses ⬤➾180 — Admitting evidence as to transactions with deceased held not error, in absence of appearance and objection by independent executrix and sole legatee (Rev. St. 1925, arts. 2037, 2038, 3716).

Where independent executrix and sole legatee under will failed to appear and answer suit pursuant to nonresident notice under Rev. St. 1925, arts. 2037, 2038, admission of evidence relative to transactions with deceased, in violation of article 3716, as respects such executrix, *held* not error as to other defendant, who was in no position to object to submission because of fact that benefits of the provisions of such article are secured to, and only to be evoked by, parties named therein.

3. Executors and administrators ⬤➾7—Service of nonresident notice held to give jurisdiction of suit against nonresident independent executrix, who had appeared and invoked jurisdiction of probate court (Rev. St. 1925, arts. 2037, 2038, 2222, 3314, 3319, 3437–3440, 3449).

Service of nonresident notice, pursuant to Rev. St. 1925, arts. 2037, 2038, *held* to give jurisdiction of suit to establish claim against nonresident independent executrix having voluntarily appeared and invoked jurisdiction of county court as a probate court for appointment, since, under articles 2222, 3314, 3319, 3437–3440, 3449, independent executrix, after appointment and qualification, became, not only agent of probate court, but also of trial court, whose jurisdiction was properly invoked to determine right of property connected with, and growing out of, probate.

4. Executors and administrators ⬤➾39—Sole legatee, immediately on deceased's death, acquires title to property, subject to payment of debts (Rev. St. 1925, art. 3314).

Sole legatee under Rev. St. 1925, art. 3314, on death of testator, immediately acquires title to property, subject to payment of deceased's debts, and, by appointment as independent executrix, becomes agent of county court probating the will and appointing her as such.

5. Executors and administrators ⬤➾441—Legal representative of estate of decedent must be before court to authorize judgment against estate.

No judgment can be rendered against the estate of a decedent, unless there is before the court a legal representative of such estate.

6. Executors and administrators ⬤➾7—District courts have ancillary probate jurisdiction over independent executor to determine rights asserted against estate.

District courts of state have ancillary probate jurisdiction, and independent executrix, appointed by county court, is amenable, and subject to jurisdiction of district court as trial court for purpose of determining rights asserted by creditor against estate of decedent.

7. Executors and administrators ⬤➾7—Suit against independent executrix to establish claim against estate and foreclose lien on property is maintainable on constructive service.

Suit against independent executrix to establish claim against estate and foreclose lien on property of such estate constitutes a proceeding in rem as to foreclosure of lien and a quasi proceeding in rem as to claim asserted against the estate, and may be maintained on constructive service.

8. Executors and administrators ⬤➾7—Independent executrix is not accountable to creditors after distribution of property in good faith (Rev. St. 1925, art. 3314).

Independent executrix is not accountable to creditors after property has been distributed by her in good faith, and not in fraud of creditors; hence person asserting claim must bring suit in order to establish indebtedness and secure foreclosure of statutory lien, pursuant to Rev. St. 1925, art. 3314.

9. Executors and administrators ⬤➾7—Purchaser of property from independent executrix and sole legatee before expiration of period for filing claims acquires only such title as was acquired by legatee.

Purchaser of property from independent executrix and sole legatee before expiration of period for filing claims acquires through purchase only such title as was acquired by its executrix as sole legatee, subject to payment of debts of estate.

10. Executors and administrators ⬤➾7—Purchaser from independent executrix has burden of showing existence of debts and conditions authorizing sale.

Where independent executrix was not authorized by terms of will to sell real estate, purchaser thereof, to defeat claim against estate, had burden of proving, in order to support conveyance, the existence of debts against the estate and conditions authorizing probate court to have ordered sale of real estate.

11. Executors and administrators ⬤➾7—Claimant against estate has right, immediately on appointment and qualification of independent executrix, to sue on claim (Rev. St. 1925, art. 3437).

Under Rev. St. 1925, art. 3437, claimant against estate of deceased has right, immedi-

---

ately on appointment and qualification 'of independent executrix, to demand payment, and, on failure to comply therewith, to institute suit to enforce collection of same against the estate.

**12. Executors and administrators ⚖⇒7—Purchaser of property from independent executrix before expiration of period for filing claims is not innocent purchaser (Rev. St. 1925, arts. 3437, 3502, 3509).**

Purchaser of property of estate from independent executrix before expiration of period for filing claims, in accordance with Rev. St. 1925, arts. 3437, 3502, 3509, does not become an innocent purchaser for value, but takes property charged with notice of existence of liens thereon to secure payment of any indebtedness due by estate.

**13. Executors and administrators ⚖⇒7— Frauds, statute of ⚖⇒75—Measure of recovery against independent executrix for services rendered deceased is. reasonable value rather than oral agreement for transfer of property coming within statute.**

Measure of recovery against estate of decedent under agreement for compensation for services rendered must be limited to reasonable value of services rather than by giving force and effect to oral agreement for transfer of property coming within the statute of frauds.

Error from District Court, Dallas County; Claude M. McCallum, Judge.

Suit by Eva Carlisle and husband against Minnie Belle Plummer, as executrix of the estate of F. G. Osborne, deceased, Herbert F. Roberts, and others. Judgment for plaintiffs, and defendant last named brings error. Reformed and affirmed.

See, also, 287 S. W. 110.

Clark & Clark, W. H. Clark, Sr., W. H. Clark, Jr., and Tom Clark, all of Dallas, for plaintiff in error.

Coker & Wilson, of Dallas, for defendants in error.

VAUGHAN, J. This suit was instituted by original petition filed on the 27th day of March, 1924. However, it will only be necessary to notice the second amended original petition filed April 1, 1926, on which the cause was tried. By said amended petition, defendants in error, Eva Carlisle and husband, R. S. Carlisle, sued one Minnie Belle Plummer as executrix of the estate of F. G. Osborne, deceased, her husband, T. L. Plummer, plaintiff in error, Herbert F. Roberts, and one C. G. Cates, as defendants, to recover on a parol agreement alleged to have been made by and between the said Eva Carlisle and the said F. G. Osborne, deceased, on or about the ———— day of August, 1921, by the terms of which the said F. G. Osborne employed the said Eva Carlisle as his housekeeper and nurse for the remaining years of the said Osborne's life, and for such servicees contracted and agreed to be performed by the said Eva Carlisle, for the use and benefit of the said F. G. Osborne, he contracted and agreed to bequeath and devise to the said Eva Carlisle all of the property which he then owned; that, at the time of the making of said contract, said Osborne owned in his own right the following described property: (a) Lot No.7 and east half of lot No. 8 of E. W. Foster's subdivision of block 3428, according to the official map of the city of Dallas, Dallas county, Tex., and of the reasonable market value of $5,000; (b) United States Liberty bonds of the par value of $21,000; (c) household and kitchen furniture of the value of $100.

T. L. Plummer was made a party defendant as a matter of form, and Herbert F. Roberts was made a party defendant as a purchaser of said real estate from the said Minnie Belle Plummer as the executrix of the estate of the said F. G. Osborne, deceased, and sole legatee named in his will, and C. G. Cates was made a party defendant because of his possession of the real estate above described as a tenant of the said Herbert F. Roberts. From now on, in this opinion, the parties at interest before this court, viz. plaintiff in error, Herbert F. Roberts, and defendant in error Eva Carlisle will respectively be referred to as plaintiff and defendant.

In view of the fact that a major portion of the many propositions presented by plaintiff in support of his appeal will be disposed of by an omnibus discussion, the following extended statement of the issues presented by the pleadings is made, in the interest of clarity as well as brevity, in presenting the questions that will thus be determined:

Defendant, in substance, alleged: That immediately after the making of said contract she entered upon her duties, and faithfully and diligently performed all of the duties and services contemplated by the parties thereto from that time until the death of the said F. G. Osborne, which occurred on November 23, 1923; that said F. G. Osborne, at the time of his death, owned, and was possessed of, the above-described property; that said F. G. Osborne violated and breached said contract with said defendant, in that, without her knowledge or consent, he did, on or about the 6th day of March, 1923, make his last will and testament, by the terms of which he bequeathed and devised all of the above-described property to the said Minnie Belle Plummer, who was by said will made and constituted the sole and independent executrix thereof; that said will was duly filed for probate in the county court of Dallas county, Tex. and duly admitted to probate on January 8, 1924, and on that date the said Minnie Belle Plummer duly qualified as such executrix; that said Minnie Belle Plummer long before

and at the time of the execution and probate of said will, was a nonresident of the state of Texas, residing in the state of Arkansas; that said F. G. Osborne, for many years prior to the time of his death, was a citizen of Dallas county, Tex., but died in Arkansas while on a visit to the home of the said Minnie Belle Plummer; that the said Minnie Belle Plummer, as executrix of the will and estate of the said F. G. Osborne, deceased, for the purpose of preventing said defendant from foreclosing the statutory lien existing in her favor against said real estate, did, on or about the 17th day of January, 1924, by deed of that date, in which she was joined by her husband, T. L. Plummer, make a pretended sale of said real estate to plaintiff; that the estate of the said F. G. Osborne, deceased, was indebted to the said defendant for and on account of the services rendered by her to the said F. G. Osborne under the terms of the contract above mentioned, and that the pretended sale of said real property to the plaintiff was not made for the purpose of securing funds to pay the debts of said estate, including the debt to the defendant, but was made for the purpose of preventing the creditors of said estate, including the defendant, from being able to collect their claims against said estate, and was not a sale in good faith, and the plaintiff was not, in fact or in law, a purchaser in good faith; and, further, that said deed was void as against creditors of said estate, for the reason that same was made at a time when said estate was subject to administration, and before defendant had had the opportunity accorded her, under the law, to present or establish her claim, and that, in contemplation of law, said property was now in the hands of said executrix for the purpose of administration under the provisions of said will and in accordance with law, and is subject to the statutory lien in favor of creditors against the property of an estate to secure the payment of indebtedness due thereby; that the said Minnie Belle Plummer, or some other person to defendant unknown, was in possession of the Liberty bonds of the par value of $21,000 without the boundaries of the state of Texas.

As an alternative plea, defendant alleged that, if she was mistaken in the allegations as to the contract and agreement on the part of said F. G. Osborne to devise to her, for the services alleged, the said Liberty bonds, then by said contract he did agree and contract to devise to her said real estate, household and kitchen furniture, as alleged by her. As a further alternative plea, defendant alleged that, if she be mistaken as to there having been made a contract of employment by and between her and the said F. G. Osborne, as alleged, then she alleged she rendered services in the capacity of housekeeper and nurse to the said F. G. Osborne during the last three years of his life, as alleged by her, and that said services were rendered with the consent and knowledge and acquiescence of the said F. G. Osborne, for which she received no pay from the said Osborne or any other person; that the value of said services so performed for the said Osborne were reasonably worth at the time rendered the sum of $5,000, for which sum she sued, and was entitled to have established as a claim against the estate of the said F. G. Osborne, deceased, and to have said statutory lien foreclosed in her favor against said real property to satisfy same.

Defendant prayed for judgment establishing her claim against the estate of F. G. Osborne, deceased, for the foreclosure of her statutory lien, for order of sale, etc., directing the sale of said real property, etc., also for relief, general and special, legal and equitable.

Plaintiff appeared and answered to the suit. Defendants Minnie Belle Plummer, as independent executrix of the estate of F. G. Osborne, deceased, and as sole legatee under his will, and said T. L. Plummer, were each duly served with nonresident notice in the manner and form as required by law to appear and answer said suit, but failed to so appear. Defendant Cates was duly served with citation, but failed to appear.

Plaintiff answered by a general demurrer and several special exceptions, not necessary to be further noticed, by general denial and special pleas as follows: (a) Res adjudicata, in that said will executed by said Osborne had been duly probated on the 8th day of January, 1924, in the county court of Dallas county, Tex., and the said Minnie Belle Plummer was on the same date duly appointed and qualified as independent executor of said estate, and as the sole legatee became the owner of all of the property of said Osborne; that defendant did not contest said will or appeal from the judgment of the court probating same, and that said judgment was at all times, and is now, in full force and effect, and that the suit of defendant was an attempt to annul and detroy the intent and force of said will. (b) Plea of estoppel—that, under the order probating said will and appointing the said Minnie Belle Plummer executrix of the estate of F. G. Osborne, deceased, that said Minnie Belle Plummer had the legal right to sell said real estate to plaintiff; that, in purchasing and paying for said property, he relied upon said order, and that he was a bona fide purchaser of said property under and by virtue of said will and the judgment probating same; that he had no notice whatever when he purchased said property of the claims of defendant, but, to the contrary, said defendant recognized plaintiff as the bona fide and lawful purchaser of said property, in that

she attempted to rent same from him as the owner thereof.

After all the evidence had been introduced, and before the court had submitted the case to the jury, appellant presented his motion for instructed verdict in his favor on the following grounds: (a) Because defendant's action was one in personam and not in rem, and, under the law, the notice served on Minnie Belle Plummer in the state of Arkansas was void, and wholly insufficient to give the court jurisdiction over her, and the court was without authority and power to render any kind of judgment upon said cause of action against her; (b) because the uncontroverted evidence showed that plaintiff was in no wise liable to defendant for the value of her said services sued for, and further shows that he is an innocent and bona fide purchaser of the house and lot involved in said suit, without any notice whatever of the alleged claim of defendant against the estate of F. G. Osborne, deceased. This motion was overruled.

The following special issues and answers thereto constitute the verdict of the jury:

"Special Issue No. 1. Did Eva Carlisle, formerly Eva Johnson, a widow, and F. G. Osborne, on or about August, 1921, enter into an agreement, by the terms of which the said F. G. Osborne agreed to devise or will all the property he then owned to her, if she would nurse and keep house for him the balance of his life? Answer 'Yes' or 'No.' Answer: Yes.

"If you have answered special issue No. 1 'Yes,' then you will answer the following question, but, if you have answered same 'No,' you need not answer the following question:

"Special Issue No. 2. Did Eva Carlisle keep and perform her agreement to nurse and keep house for the said F. G. Osborne the remaining years of his life? Answer 'Yes' or 'No.' Answer: Yes.

"Special Issue No. 3. What was the reasonable cash market value of the property, if any, situated at 124 East Twelfth street on the date of the death of F. G. Osborne? Answer in dollars and cents. Answer: $4,000.

"Special Issue No. 4. Did Eva Carlisle render services to F. G. Osborne in the capacity of nurse and housekeeper from August, 1921, to November, 1923, the date of the death of F. G. Osborne? Answer 'Yes' or 'No.' Answer: Yes.

"If you have answered special issue No. 4 in the affirmative, then you will answer the following question, but, if you have answered it in the negative, you need not answer the following special issue:

"Special Issue No. 5. Has Eva Carlisle ever received pay, in money or property, for the services thus rendered, if any, to the said F. G. Osborne? Answer 'Yes' or 'No.' Answer: No.

"Special Issue No. 6. What was the reasonable value of the services rendered by Eva Carlisle to F. G. Osborne, if any, from August, 1921, to the date of his death? Answer in dollars and cents. Answer: $3,500.

"Special Issue No. 7. Did the defendant, Herbert F. Roberts, on or about the 17th day of January, 1924, purchase from Minnie Belle Plummer, in good faith, the property at 124 East Twelfth street, in Dallas, Tex., and without any notice of the claim of Eva Carlisle against the estate of F. G. Osborne, deceased? Answer 'Yes' or 'No.' Answer: No."

The submission of other special issues was not requested by plaintiff.

The facts thus found by the jury in answer to said special issues, being sustained by the evidence, are adopted by this court as material facts established by the evidence. In addition thereto, further findings of fact will be made in the discussion of the case.

On the 15th day of November, 1926, the following judgment was rendered on said verdict:

"That the plaintiff Eva Carlisle have judgment establishing her claim against the estate of F. G. Osborne, deceased, in the sum of $4,000, together with interest thereon from this date at the rate of 6 per cent. per annum until paid, and that she have a foreclosure as against the defendants, Minnie Belle Plummer, executrix of the last will and testament of F. G. Osborne, deceased, and Minnie Belle Plummer, and T. L. Plummer, and Herbert F. Roberts, defendants herein, of her statutory lien against the real property" (above described).

Said judgment directed the issuance of an order of sale and procedure thereunder as provided by law in other cases of foreclosure of liens on real estate.

The proceedings had up to and including the rendition of said judgment are now before us by appropriate assignments of error and propositions for review and revision.

With the exception of the propositions in reference to the appointment of receiver and the order overruling motion to vacate the receivership and the admission of certain testimony of defendant over the objection of plaintiff, the propositions upon which this appeal is based present in effect only the following questions: (a) That defendant was not entitled to judgment on her claim for unliquidated damages against Minnie Belle Plummer as the duly appointed, qualified and acting independent executrix of the estate of F. G. Osborne, deceased, because the court had no jurisdiction, she not having been served with citation so as to require her to answer said suit, and not having answered therein; (b) that, before such claim could be collected out of the property of the estate on hand, judgment would have to be obtained thereon against such executrix, and then could only be collected by execution and not by a foreclosure proceeding; (c) the estate of said Osborne, deceased, being administered by said independent executrix and sole legatee, that she, as such executrix and legatee, was authorized to convey the real estate in question, and, having conveyed same to plaintiff, he acquired title to said property under the deed executed to him, said will and the judgment probating same; (d) that both said judgment and the deed being in full force and effect—not sought to be annulled in this

suit—the lien created by article 3314, Revised Civil Statutes 1925, did not follow the property into the hands of plaintiff, and defendant's only remedy at law or in equity was an action at law in personam against said Minnie Belle Plummer for the value of the property disposed of by her to the extent of her claim; (e) that in this suit the court did not acquire jurisdiction over the person of Minnie Belle Plummer as the nonresident executrix of said estate by the statutory nonresident notice of suit served upon her so as to render a valid judgment against her as the executrix of said estate for the damages sued for by defendant.

Before entering upon a discussion of the above questions, we will dispose of the following propositions presenting independent matters.

The trial court, on the 17th day of April, 1926, heard and granted the application of defendant for the appointment of a receiver, and on the same date appointed a receiver, and heard and overruled plaintiff's motion to vacate the order appointing and to discharge the receiver. Under the disposition that will be made of this appeal, it is not necessary to discuss the proposition presenting as error the ruling of the court appointing and refusing to discharge the receiver, especially as same would in effect be but a review of the same matters presented and decided adversely to the contention of plaintiff in the case of Roberts v. Carlisle et al. (Tex. Civ. App.) 287 S. W. 110.

[1, 2] Defendant, over the timely objection of plaintiff, was permitted to testify to a conversation she had with F. G. Osborne, deceased, to the effect that he made a verbal agreement with her that, if she would keep house for him and nurse him, he would devise to her all of the property he then owned, in violation of the provisions of article 3716, Revised Civil Statutes of Texas 1925. Plaintiff contends that the submission of said evidence was error, and illegally resulted in the judgment against him. The inhibition of said article 3716 to the introduction of the character of testimony objected to applies to actions by or against executors, administrators, or guardians in which judgment may be rendered for or against them as such, and to actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent, and does not include actions by or against a legatee or devisee of a decedent. Newton et al. v. Mary Newton, 77 Tex. 508, 14 S. W. 157; Emerson et al. v. Scott, 39 Tex. Civ. App. 65, 87 S. W. 369. Therefore, in so far as the suit involved a cause of action between Minnie Belle Plummer, as legatee under the will of F. G. Osborne, deceased, and defendant, the objection was not well taken, but, on the issues involved as between Minnie Belle Plummer, as the executrix of said estate, and defendant, the objection should have been

sustained, if made by one in position to invoke the benefits of said article 3716.

The suit was brought against Minnie Belle Plummer, both as independent executrix and sole legatee under the will of F. G. Osborne, deceased, to establish a claim against said estate in favor of defendant. Minnie Belle Plummer was before and at the time of the execution and probate of said will a nonresident of the state of Texas, residing in Arkansas. Under the order probating said will, she was appointed and qualified as the executrix of said estate, and, as such, took charge of the property of said estate. On the filing of this suit, nonresident notice, as provided for by article 2037, R. C. S. of 1925, was duly issued for service on the said Minnie Belle Plummer defendant, as executrix of the estate of F. G. Osborne, deceased, in the state of Arkansas, and due return, showing proper service, was made of said notice, as required by article 2038, Id. A like service was had upon her husband and codefendant, T. L. Plummer. No appearance was made in, or answer filed to, said suit by the said Minnie Belle Plummer or the said T. L. Plummer.

Plaintiff defended on the ground that he had acquired title to, and was the owner of, the real estate on which defendant sought a foreclosure of her statutory lien, having purchased same in good faith and without notice of defendant's claim against the estate of F. G. Osborne, deceased, from the said Minnie Belle Plummer and husband, and from the said Minnie Belle Plummer as executrix of the estate of said Osborne, deceased. The objection to the evidence admitted was made only by plaintiff. We do not think that plaintiff was in position to urge the provisions of said article 3716 against the admission of said testimony—this, because the benefits of the provisions of said article are secured to, and only to be invoked by, the parties named therein. In other words, if said executrix had been present and made the objection, it would have been error to have overruled same, but, as that right was to be exercised alone by her, and was not so exercised, the court did not err in admitting said testimony. Miles et al. v. Bodenheim et al. (Tex. Civ. App.) 193 S. W. 693; Pattee v. Whitcomb, 72 N. H. 249, 56 A. 459; Bland et al. v. Beasley et al., 138 Ga. 712, 76 S. E. 50.

The full scope and effect of all other propositions advanced by plaintiff are comprehended within the two grounds of his motion for an instructed verdict, supra.

[3] We will now address ourselves to the major question presented by this appeal. By the service of the nonresident notice of the filing and pendency of this suit on Minnie Belle Plummer, as the independent executrix of the estate of F. G. Osborne, deceased, did the trial court thereby, taken in connection with her voluntary appearance before and in-

voking the jurisdiction of the county court of Dallas county, Tex., as a probate court, to appoint her, and by that court she was appointed, such executrix, acquire jurisdiction to pass upon and determine the subject-matter of said suit against said Minnie Belle Plummer as such independent executrix, said suit not involving the determination of the personal liability of said Minnie Belle Plummer, but only the liability of said estate so represented by her for the payment of the claim asserted by defendant against said estate?

By the will of F. G. Osborne, deceased, said Minnie Belle Plummer was named sole independent executrix, as well as sole legatee. At the time of the publication of said will and the death of said Osborne, Minnie Belle Plummer resided in the state of Arkansas, and so resided at the time she voluntarily came within the state, and invoked the jurisdiction of the county court of Dallas county (sitting in probate) to probate the will of said Osborne, and to appoint her independent executrix of the estate of said Osborne, as named in said will. Thereupon she voluntarily took the oath prescribed by law as executrix of said estate, thereby qualifying as such executrix under the appointment so made. It was not necessary, in order to protect her rights as such legatee, that she should be appointed executrix of said estate. F. G. Osborne, being before and at the time of his death, in the state of Arkansas, a citizen in fact of Dallas county, Tex., and the real estate owned by him devised by said will being located in Dallas county, Tex., the estate of said Osborne could only be administered through the county court of Dallas county, Tex., sitting in probate, no other court having jurisdiction within or without the state of Texas to take charge of and administer said estate under and in accordance with the will of the said Osborne.

What attitude did Minnie Belle Plummer, on qualifying as such independent executrix, assume and occupy with reference to the estate of the said F. G. Osborne, deceased, to be administered by her in the courts of Texas having jurisdiction over same? In other words, by so qualifying, did she submit herself, as such independent executrix, to the jurisdiction, not only of the county court of Dallas county sitting in probate, but to the jurisdiction of other courts of said state, in whose forum the law authorized proceedings to be had in reference to the administration and settlement of the rights of parties interested therein as creditors, or otherwise, not for the purpose of determining a question purely of personal liability of the said Minnie Belle Plummer, but a question involving the proper administration and settlement of the estate of the said Osborne, represented by her under the appointment of a court whose jurisdiction she invoked by her voluntary appearance, not only for the purpose of probating the will of the said Osborne and being appointed independent executrix as therein named, but for the purpose of administering said estate in accordance with the terms of said will and the laws of the state of Texas, she, as such representative of said estate, being a necessary party to such proceedings?

By the provisions of article 2222, R. C. S. 1925, a judgment for the recovery of money against an executor of an estate being administered under authority of a probate court must state that it is to be paid in due course of administration, but a judgment against an executor appointed and acting under a will dispensing with the action of the county court in reference to such estate shall provide for the enforcement of same against the property of the testator in the hands of such executor by execution as in other cases. Article 3314, Id., having to do with the transfer of estates of decedents at death, provides:

"When a person dies, leaving a lawful will, all of his estate devised or bequeathed by such will shall vest immediately in the devisees or legatees; and all the estate of such person, not devised or bequeathed, shall vest immediately in his heirs at law; subject however, to the payment of the debts of the testator or intestate, except such as may be exempted by law; * * * but upon the issuance of letters testamentary * * * upon any such estate, the executor * * * shall have the right to the possession of the estate as it existed at the death of the testator * * * with the exception aforesaid; and he shall recover possession of and hold such estate in trust to be disposed of in accordance with law."

[4, 5] Under this statute, Minnie Belle Plummer, as the sole legatee of F. G. Osborne, deceased, acquired, immediately on the death of said Osborne, the title to the property devised to her, subject to the payment of the debts of the said Osborne, and, as the independent executrix of said estate, the property of said estate passed into her possession in trust, to be disposed of in accordance with law. Under the law, the rights of creditors are paramount to the rights of said Minnie Belle Plummer as the legatee of said Osborne, all of her rights of property, as such legatee, being subject to the payment of the debts of the creditors of said estate, she holding the property of said estate, as to the creditors thereof, as trustee for them as cestui que trust; and by said appointment she became the agent of the county court of Dallas county probating the will of the said Osborne and appointing her as such independent executrix thereunder. Faulkner v. Reed (Tex. Com. App.) 241 S. W. 1002. Minnie Belle Plummer was a necessary party to the suit, as no judgment can be rendered against the estate of a decedent unless there is before the court a legal representative of such estate. Faulkner v. Reed, supra.

As applied to an estate under administra-

tion, independent of the county court, what is meant by the provision of article 3314, supra, "to be disposed of in accordance with law," we think is that an executor will administer the estate of a 'decedent according to the terms of the will of the testator and the law governing the estate of decedents, to the end that rights of creditors and devisees in the order named will be observed and protected. Article 3449, R. C. S. 1925. This embraces compliance with the provisions of the following articles: 2222, supra, relating to judgments against an executor acting under a will dispensing with the action of the county court in reference to such an estate; 3314, supra, providing that an estate devised by will vest immediately in the devisee, subject to the payment of the debts of the testator; 3319, Id., providing for proceedings to attach property belonging to the estate of a decedent at the instance of one interested in the estate to prevent executor from removing the estate, or any part thereof, beyond the limits of the state; 3437, Id., providing that "any person having a debt or claim against the estate may enforce the payment of the same by suit against the executor; and, when judgment is recovered against the executor, the execution shall run against the estate of the testator in the hands of the executor that may be subject to such debt. The executor shall not be required to plead to any suit brought against him for money until after one year from the date of the probate of such will"; 3438, Id., providing, in effect, that any person having a debt, claim, or demand against an estate, wherein the executor was not required to give bond, may cause such executor to be cited to show cause why he should not be required to give bond; 3439, Id., providing that on such hearing, if it appears to the court that such executor is wasting, mismanaging or misapplying such estate, an order shall be entered requiring such executor to give bond as provided in article 3440, Id., viz. for an amount equal to double the full value of the estate.

From the provisions of the articles above referred to, no other conclusion can be reached than that Minnie Belle Plummer, having of her own volition appealed to the county court of Dallas county, Tex., to appoint her independent executrix of the estate of F. G. Osborne, deceased, under his last will, was so appointed by said court, qualified as such executrix under and by virtue of the jurisdiction of said court so invoked, became, not only the agent of that court, but also of the trial court whose jurisdiction was properly invoked to determine a right of property connected with, and growing out of, the probate of said will and the appointment of said Minnie Belle Plummer as executrix of said estate.

[6] In this connection, we think it is well to state that, under our system of jurisprudence, the district courts of this state have ancillary probate jurisdiction. This is well stated in the case of Lauraine v. Ashe, 109 Tex. 69, 191 S. W. 563; 196 S. W. 501, from which we quote as follows:

"Although the Constitution, in broad and general terms, confers jurisdiction upon the county court for the transaction of 'all business appertaining to deceased persons, * * * including the settlement, partition, and distribution of estates of deceased persons,' it also confers, in terms equally broad, an equity jurisdiction upon the district court, which may be resorted to, notwithstanding an administration in a county court, for the determination of questions that may arise affecting estates in the regular course of administration, requiring, for illustration, the adjustment of equities, for the settlement of which the probate jurisdiction of the county court is inadequate; this jurisdiction being auxiliary and ancillary to that of the probate court and in some extraordinary instances corrective."

This is important upon the proposition that, in invoking the jurisdiction of the county court of Dallas county to be appointed executrix of the estate of Osborne, deceased, Minnie Belle Plummer, for the purpose of administering said estate, became amenable and subject to the jurisdiction of the district court as a trial court in this cause for the purpose of determining the rights asserted by defendant as a creditor against the estate of said Osborne, and that the process of said court served upon her was sufficient to authorize that court to exercise its jurisdiction in determining the rights so asserted by said defendant; that as to proceedings authorized by law to be instituted against the executor of an estate in the course of the administration of an estate under the laws governing estates of decedents in this state, such as the case before us, regardless of the place of residence of the executor appointed by a court of this state, there is drawn to the courts of this state under the process authorized by law the same jurisdiction to act that a court of equity at common law had over a receiver appointed by it for the purpose of adjudicating and determining any matter connected with the property committed by such court to its receiver. Therefore, the fact that Minnie Belle Plummer was a nonresident of the state of Texas did not render her immune to the process served upon her in the state of Arkansas as the executrix of the estate of F. G. Osborne, deceased, apprising her of the nature and character of defendant's cause of action, the court in which it was pending, the time when she was required to answer thereto as the representative of the estate of F. G. Osborne, deceased, and that service was sufficient to confer jurisdiction upon the trial court over the said Minnie Belle Plummer, as the executrix of the estate of said Osborne, deceased, and empowered the court to hear and determine defendant's cause of action asserted by her against the said Minnie Belle Plummer as the independent executrix of said

estate. Said estate was represented by her through the exercise of her own volition. She was a necessary party to the suit against said estate, as a suit against said estate could not be maintained otherwise.

Upon her appointment, she became an officer of the court, viz. in effect that of a receiver, and the estate could not be administered in the courts of any other state than of this state, and the proceeding instituted by defendant to recover on her claim could not have been asserted against the estate of F. G. Osborne in the courts of any other state. It would indeed be a most anomalous situation to say that, although Minnie Belle Plummer could and had voluntarily and lawfully invoked the jurisdiction of the county court of Dallas county to appoint her independent executrix of said estate, and qualified as such, a court of this state, having jurisdiction over the rights of creditors against such estate, could not hear and determine such matters because it could not obtain jurisdiction by its process over the executrix so appointed, and into whose possession the property of the estate had been committed. It would be but devising a means whereby a citizen of another state could come into this state and voluntarily invoke the jurisdiction of one of its courts in the matter of granting administration on the estate of a decedent, thereby becoming the agent of that court and the trustee of creditors of an estate that could only be administered by the courts of this state, and, then to enable such executor to deny to creditors the right to have their claims adjudicated against such estate by a court of competent jurisdiction within this state by reason of the fact that the legal representative of such estate—a necessary party to the suit—could not be brought within the court's jurisdiction by service of process within the state. This we cannot assent to.

[7] As to the property of the estate of said F. G. Osborne, deceased, and claim of defendant sought to be established against said estate, the position of Minnie Belle Plummer, as the executrix of said estate, was in all respects that of a receiver, not only before the court that appointed her such executor, but also before the trial court, the jurisdiction of which was lawfully invoked in a matter involving the proper administration of said estate, therefore, by the service of nonresident notice upon said Minnie Belle Plummer, as such executrix, she was properly before the trial court as the legal representative of said estate, and said court acquired jurisdiction by such service to legally determine all matters involved in this suit as to the claim of defendant against said estate. Defendant's suit was a proceeding in rem as to the foreclosure of lien on the property of said estate as against all parties against whom defendant sought the foreclosure of her lien and a quasi proceeding in rem as to the

claim asserted by defendant against the estate of F. G. Osborne, deceased.

In the following cases it is held that a suit to foreclose a lien on property within the jurisdiction of a court is a cause of action quasi in rem, and may be maintained on constructive service: A. & N. W. R. R. Co. v. Rucker, 59 Tex. 587; Heidenheimer v. Loring, 6 Tex. Civ. App. 560, 26 S. W. 99; Roller v. Holly, 176 U. S. 398, 20 S. Ct. 410, 44 L. Ed. 520; Pennoyer v. Neff, 95 U. S. 723, 24 L. Ed. 565. See, to the same effect, Freeman on Judgments (5th Ed.) 705, 706, 3123; 34 C. J. 667. It was the property of the estate sought to be reached through the proceedings, and not the obtaining of a judgment in personam against said Minnie Belle Plummer, as the law makes no provision for the rendition of a judgment in personam against her as such executrix. In other words, the relief sought by defendant in no way involved a proceeding in personam against Minnie Belle Plummer as the executrix of the estate of F. G. Osborne, deceased, or in any other capacity. Plaintiff insists that the judgment to be rendered in such case must be one in personam against Minnie Belle Plummer as independent executrix, and that, without service within this state on the said Minnie Belle Plummer as such executrix, defendant could not maintain her suit. We are of the opinion that, though Minnie Belle Plummer had been personally served within this state, a judgment in personam could not have been rendered against her. A judgment based on the proceedings as instituted by defendant could not require the performance of anything at the hands of Minnie Belle Plummer that would invade any of her individual rights, but could only adjudicate the rights of defendant against the estate of F. G. Osborne, deceased, represented by the said Minnie Belle Plummer as executrix, establishing defendant's demand as a claim against said estate, and foreclosing her statutory lien against the property of said estate in the hands of the said Minnie Belle Plummer as executrix. We know of no rule of law that would prevent the same suit against a nonresident independent executrix, duly appointed by a court of this state, to foreclose a lien that might be maintained against an individual, and that such suits may be maintained on constructive service is without question. In other words, where a lien exists, or is sought to be established, on real property within this state, the character of the debt sued upon has not any effect on the jurisdiction of the court, and proper service for the exercise of such jurisdiction may be acquired by the service of nonresident notice on a party to such suit residing without the limits of this state. This because it is self-evident that, without the existence of a debt, there would be no lien to foreclose, and therefore such a thing as a foreclosure proceeding on property could not take place, where there was no debt secured

by the lien sought to be foreclosed. Therefore it is the existence of a lien on property within this state, and not the debt secured by such lien, that gives effect to the process of a court whose jurisdiction has been properly invoked to foreclose such lien, so that such proceedings will be "due process of law" as applied to judicial proceedings within the rule announced in the case of Pennoyer v. Neff, supra. We quote the following from Freeman on Judgments, supra, as being very appropriate to the proposition under discussion:

"The machinery of the law is not inadequate to such a situation. It is still possible for the court, even when the parties cannot be brought within its jurisdiction, to obtain power to act in respect to the res either by its actual seizure under process, or even where no seizure is made by constructive notice to the owners in accordance with the requirements of the statutes. * * * It will enable the court to act in so far as the subject of the proceeding is within the limits, and therefore under the control of the state, for all property within a state is subject to the jurisdiction of its courts, and they have the right to adjudicate title thereto, to enforce liens thereon, and to subject it to the payment of the debts of its owners, whether resident or not."

The application of the wholesome rule above announced is so apparent that we will forego any attempt to elucidate same as to its applicability to the instant case.

[8] As independent executrix of the estate of F. G. Osborne, deceased, Minnie Belle Plummer could not be made accountable to the creditors thereof after the property of said estate had been distributed by her in good faith, and not in fraud of creditors. Therefore the suit instituted by defendant was indispensable, same being necessary in order to establish her indebtedness as a just claim against said estate, and the foreclosure of her statutory lien existing against the estate of the said Osborne, deceased, while said property was subject to foreclosure proceedings in the hands of the said Minnie Belle Plummer as executrix, or the title vested in her vendee, plaintiff, remained with him, charged with the statutory lien created by article 3314, supra. Patton v. Smith (Tex. Civ. App.) 221 S. W. 1034.

[9-11] As to the statutory lien sought to be foreclosed by defendant, plaintiff stood in the same position as if the real estate purchased by him had been subject to a valid deed of trust lien duly recorded, and charged with the same notice of the existence of defendant's statutory lien for twelve months after the date of the appointment and qualification of Minnie Belle Plummer, as executrix, as he would be charged with notice of the existence of a deed of trust lien duly of record. What title did plaintiff acquire in the property of the estate of F. G. Osborne, through the conveyance executed by Minnie Belle Plummer, as sole legatee under the will of F. G. Osborne, deceased, and as independent executrix thereof, as against defendant as a creditor of said estate? As the sole legatee of the said Osborne, Minnie Belle Plummer, under the law, became vested immediately with the title to the property so bequeathed to her, subject to the payment of the debts of said estate. In other words, she only took absolute title to the property so devised that remained after the indebtedness of said estate had been discharged, and plaintiff only acquired, through his purchase, by the conveyance made to him, such title to the property as the said Minnie Belle Plummer acquired as such legatee. Haring v. Shelton, 103 Tex. 10, 122 S. W. 13.

Minnie Belle Plummer, as the independent executrix named in the will of F. G. Osborne, deceased, was not authorized by the terms of said will to sell the real estate belonging to said estate; therefore, in order to support the conveyance, attempted to be made by her as such executrix to plaintiff, of the property involved in this suit, the burden of proof was on plaintiff to show the existence of debts against the estate, and that such conditions existed as would have authorized the probate court to have ordered the sale of the real estate so purchased by him. Haring v. Shelton et al., supra; Terrell et al. v. McCown et al., 91 Tex. 231, 43 S. W. 2. The sale was not made for the purpose of providing funds for the payment of debts against the estate. In the deed conveying the property in question to plaintiff, it is stated "all the debts due by the deceased have been duly paid and satisfied." Defendant's claim was not recognized by the executrix of the estate of F. G. Osborne, deceased, as a debt against said estate. Minnie Belle Plummer was appointed and qualified as executrix of said estate on the 8th day of January, 1924. The deed conveying the real estate involved in this suit to plaintiff was executed on the 17th day of January, 1924, nine days after she qualified as executrix. Defendant was not required to present her claim against the estate of Osborne, deceased, to the executrix thereof for allowance, or to the court probating the will for approval (Ewing v. Schultz [Tex. Civ. App.] 220 S. W. 625), but had the right immediately on the appointment and qualification of said executrix to demand payment, and, on failure to comply therewith, to institute suit to enforce the collection of same against the estate. Article 3437, supra, relating to suits against an estate administered independent of the county court, provides:

"Any person having a debt or claim against the estate may enforce the payment of the same by suit against the executor; and, when judgment is recovered against the executor, the execution shall run against the estate of the testator in the hands of the executor that may be subject to such debt. The executor shall not be required to plead to any suit brought against him for money until after one year from the date of the probate of such will."

The provisions of this statute place no limit as to the time within which such suit may be filed after the appointment of such executor; the limitation contained in said statute being a right secured to the executor to refuse to plead to any suit brought by a creditor under such statute until after the expiration of one year from the date of the order probating the will under which such executor is acting. By the provisions of article 3502, R. C. S. 1925, Minnie Belle Plummer, as executrix of the estate of F. G. Osborne, deceased, was required, within one month after her appointment, to publish a notice requiring all persons having claims against the estate so represented by her to present the same within the time prescribed by law. Article 3509, R. C. S. 1925, dealing with the present-ment of claims for payment against an estate, provides:

"All claims for money against a testator or intestate shall be presented to the executor or administrator within one year after the original grant of letters testamentary or of administration, otherwise the payment thereof shall be postponed until the claims which have been presented within one year and allowed by the executor or administrator and approved by the county judge have been first entirely paid."

[12] Thus it is seen that, by the terms of article 3509, supra, is fixed the time within which claims against the estate of a testator shall be presented so as to comply with the provisions of said article 3502. Construing the provisions of said articles 3502 and 3509 in connection with the provisions of article 3437, supra, it is clear that, under the law, defendant had the full period of one year from the date of the order probating the will of F. G. Osborne, deceased, in which to have presented her claim for payment to the executrix of said estate, and in which to have instituted her suit to enforce the payment of her claim, in the event payment had been refused by said executrix, and during that time the lien created by statute in her behalf as a creditor of said estate on the property thereof would continue to exist, and a purchaser of the real property of the estate, before the expiration of that period of time, under the same facts and circumstances as plaintiff purchased, would not be an innocent purchaser for value, but would take the property of such estate, charged with notice of the existence of liens thereon to secure the payment of any indebtedness due by such estate. Newton v. Newton, supra; Blinn v. McDonald, 92 Tex. 604, 46 S. W. 787; 48 S. W. 571; 50 S. W. 931; Hughes v. Hughes (Tex. Civ. App.) 264 S. W. 579.

[13] The court was in error in the measure of recovery adopted, namely, the value of the property that the testator, F. G. Osborne, verbally agreed to bequeath to defendant as compensation for the services rendered him. The

holding of the trial court was but to indirectly give full force and effect to an agreement falling squarely within the statute of frauds. The difference would be nil between permitting a recovery under such an agreement of the property itself and for the recovery of a sum of money representing the value of the property by way of damages for the breach of the agreement. We therefore hold that defendant was only entitled to recover the reasonable value of her services rendered to the said Osborne under her contract of employment, and that the court erred in rendering judgment for the sum of $4,000, the proof showing that the value of the services so rendered was $3,500. Von Carlowitz v. Bernstein, 28 Tex. Civ. App. 8, 66 S. W. 464; Raycraft v. Johnston, 41 Tex. Civ. App. 466, 93 S. W. 237; Kling v. Bordner, 65 Ohio St. 86, 61 N. E. 148; Hensley v. Hilton, 191 Ind. 309, 131 N. E. 38. Therefore said judgment is reformed so as to read for the sum of $3,500, with interest from November 23, 1923, at the rate of 6 per cent. per annum, and corrected so as to be against the said Minnie Belle Plummer as the executrix of the estate of F. G. Osborne, deceased, for said sum of $3,500, and interest, with foreclosure of defendant's statutory lien against the real estate above described, as against plaintiff, and the other parties as defendants, Minnie Belle Plummer as the sole legatee and independent executrix of the will and estate of the said Osborne, deceased, and the said T. L. Plummer. The cost of this appeal is taxed against the defendant Eva Carlisle, and, as reformed, the judgment of the lower court is affirmed.

Reformed and affirmed.