**DENY; and Opinion Filed April 19, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-01378-CV

## IN RE HEDY A. RITTENMEYER, INDEPENDENT EXECUTOR OF THE ESTATE OF CHRISTOPHER ALLEN RITTENMEYER, DECEASED, Relator

**Original Proceeding from the Collin County Probate Court No. 1**
**Collin County, Texas**
**Trial Court Cause No. PB1-0072-2017**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Myers, and Boatright
Opinion by Justice Lang-Miers

In this original proceeding, relator complains of the trial court's order compelling production of documents that relator maintains are protected from discovery by the attorney-client privilege. To be entitled to mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). We deny the relief requested.

## Background

Relator Hedy A. Rittenmeyer (Hedy) is the Independent Executor of the Estate of her son, Christopher Allen Rittenmeyer (Chris). The real party in interest is Chris's widow, Nicole Marie Lockman Rittenmeyer (Nicole). In the underlying proceeding, Hedy brought a declaratory judgment action in her capacity as executor of Chris's estate against Chris's former employer and Nicole. Hedy seeks declarations that Chris's unpaid bonuses are separate property pursuant to a

pre-nuptial agreement between Chris and Nicole and should, therefore, be distributed to the Estate. Nicole asserted counterclaims seeking declarations that the unpaid bonuses should be distributed to her, the pre-nuptial agreement is not enforceable, and, alternatively, Hedy breached the pre-nuptial agreement, thus excusing Nicole from further performance under the agreement. Nicole maintains that the 2011 Will admitted to probate by Hedy does not reflect Chris's intent, and that Chris executed another will that superseded the 2011 Will and provided for Nicole. She also contends the pre-nuptial agreement is unenforceable because it was procured by fraud in that Chris told Nicole that there was a will and a trust that would provide for her if Chris died irrespective of the terms of the pre-nuptial agreement.

Nicole sought discovery of drafts of wills prepared after the 2011 Will, trust documents where Chris was a beneficiary, and communications reflecting Chris's intentions regarding providing for Nicole. Hedy objected to the discovery requests and asserted that the documents were privileged. Nicole maintained that the documents are excepted from privilege by TEX. R. EVID. 503(d)(2), which provides that the attorney-client privilege does not apply "if the communication is relevant to an issue between parties claiming through the same deceased client." Specifically, Nicole argued below that the trust information is relevant to the issue of whether Chris provided a fair and reasonable disclosure of his property or financial obligations, "which is a basis for" enforcing the pre-nuptial agreement under section 4.006(a)(2)(A) of the family code. As for the draft wills and communications between Chris and others regarding his intent to provide for Nicole, she maintains that they are not subject to the attorney-client privilege because they are relevant to an issue between parties claiming through the same deceased client.

The trial court granted Nicole's motion to compel. In this original proceeding, Hedy seeks a writ of mandamus directing the trial court to vacate the order compelling production of (1) the draft wills, (2) the trust documents, and (3) written communications from Chris to any other person

–2–

expressing his desire or intention to have all or a portion of his estate go to Nicole upon his death. Hedy argues here that that the exception does not apply to the draft wills because a draft will is irrelevant to the question of whether a different will superseded the 2011 Will. Hedy also attacks applicability of the "claiming through" requirement of the exception. Hedy first argues that she is not claiming through Chris or the 2011 Will because she is just the executor, not the beneficiary. Next, relying on *Emerson v. Scott*, 87 S.W. 369 (Tex. Civ. App.—Dallas 1905, no writ), Hedy argues that Nicole cannot be construed as claiming through Chris because Nicole contends that the 2011 Will is ineffective. As for the discovery related to trusts of which Chris was a beneficiary, Hedy argues that she does not have access to the trusts in her capacity as executor of Chris's estate. She further avers that the rule 503 exception does not apply here because Chris's parents, as the grantors of the trusts, are the clients with respect to the trusts and are not deceased.

### Applicable Law

The trial court has broad discretion in resolving discovery disputes. *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding). A party may obtain discovery regarding any matter that is not privileged and is relevant to the subject matter of the pending action. TEX. R. CIV. P. 192.3. The attorney-client privilege does not apply if the communication is "relevant to an issue between parties claiming through the same deceased client." TEX. R. EVID. 503(d)(2).

Texas jurisprudence contains scant authority addressing the exception found in Rule 503(d)(2). It is well-established, however, that evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. TEX. R. EVID. 401; *In re Paschall*, No. 10-12-00339-CV, 2013 WL 474368, at *4 (Tex. App.—Waco Feb. 7, 2013, orig. proceeding) (mem. op.). Further, Texas courts have applied the exception to information like the discovery at issue here in cases in which a party contends a decedent's will does not reflect the decedent's true intent. *See, e.g., In re*

*Paschall*, 2013 WL 474368, at *7 (trust documents not privileged because the documents are relevant to parties' claims that they are the decedent's heirs at law and their assertion that the trust into which the estate was poured is invalid); *see also In re Texas A & M-Corpus Christi Found., Inc.*, 84 S.W.3d 358 (Tex. App.—Corpus Christi 2002, orig. proceeding) (permitting depositions of decedent's counsel regarding decedent's intentions and capacity where Foundation alleged decedent's gift to the Foundation was planned and valid whereas estate contended the gift to the Foundation was procured through fraud).

Courts in other jurisdictions have also excepted similar discovery from the attorney-client privilege where, as here, the dispute is between the executor or representative of the estate and someone claiming rights under the decedent's estate. *See Remien v. Remien*, No. 94 C 2407, 1996 WL 411387 (N.D. Ill. July 19, 1996) (discovery not subject to the privilege because the dispute arose "between parties who claim through the same deceased client" where the daughter and the co-executors of the father's estate both claimed property rights through father, and the documents at issue were relevant to that dispute, which centered on the father's intentions regarding the distribution of stock); *see also Petition of Stompor*, 165 N.H. 735, 740, 82 A.3d 1278, 1282–83 (2013) (applying *Remien* and *Texas A&M-Corpus Christi Foundation* and holding that attorney's file was not privileged because it was relevant to determining whether the petitioner unduly influenced the parents at the time they executed their estate plan in 2004 and to ascertaining whether the 2004 estate plan documents reflected the parents' true intent).

**Discussion**

This case, like *Paschall* and *Texas A&M-Corpus Christi Foundation,* involves a dispute between a decedent's estate and a party who claims to be a beneficiary under the estate either through a subsequent will or because the probated will does not reflect the decedent's intentions. Hedy seeks assets for the estate and seeks to enforce the pre-nuptial agreement, while Nicole seeks

to recover those assets and avoid enforcement of the pre-nuptial agreement. Hedy's and Nicole's claims relate to who has a right to Chris's assets. Hedy's status as executor, rather than beneficiary, does not change this analysis. *See In re Texas A & M-Corpus Christi Found*, 84 S.W.3d at 361 (administrator of the estate and beneficiary of inter vivos gift were parties "claiming though the same deceased client"). Further, the procedural posture of the underlying case establishes that Hedy is acting as much more than a disinterested executor here because she seeks to enforce the pre-nuptial agreement on behalf of the estate and to obtain declarations that Chris's unpaid bonuses are property of the estate.

We also conclude *Emerson v. Scott* does not support Hedy's argument that, by attacking the validity of the 2011 Will, Nicole is claiming against the Estate. *Emerson* does not address the difference between claiming through a decedent and claiming against a decedent. *Emerson v. Scott*, 87 S.W. 369 (Tex. Civ. App.—Dallas 1905, no writ). The *Emerson* court held that the exception did not apply because Scott was not seeking to recover under a will. *Id.* at 369–70. Rather, Scott sought to revoke a deed based on his contention that the deed was a mortgage securing a debt and he used the decedent's will as evidence of that claim. *Id.* Here, in contrast, Hedy and Nicole both seek relief through Chris because their claims relate to who has a right to Chris's assets. Under these facts, we conclude the trial court was within its discretion in applying Rule 503(d)(2) to the discovery, determining that the parties claim through the same deceased client, and compelling relator to produce that discovery.

We further conclude that the trial court was within its discretion in determining that the discovery sought is relevant to the dispute. The draft wills, communications, and trust information are relevant to the enforceability of the pre-nuptial agreement and also the validity of the 2011 Will. Disclosure of information relating to drafts of wills is relevant to the issue of fraud and whether Chris ever intended to fulfill his representations to Nicole about having a will that would

provide for her.  Similarly, discovery related to trusts of which Chris was a beneficiary is relevant to whether Chris properly disclosed assets in connection with the pre-nuptial agreement.

Based on the record before us, we conclude relator has not established that the trial court abused its discretion by applying Rule 503(d)(2) of the Texas Rules of Evidence and compelling the discovery.  Accordingly, relator has not shown she is entitled to the relief requested, and we deny her petition for writ of mandamus.  *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

171378F.P05