## EDGAR et al. v. RHODE ISLAND INS. CO. et al.

### No. 4230.

Court of Civil Appeals of Texas. Beaumont.

June 8, 1944.

Minton & Minton, of Hemphill, E. R. Wright, of Beaumont, and W. P. Sexton, Co. Atty., of Orange, for appellants.

Fulbright, Crocker, Freeman & Bates, of Houston, and K. W. Stephenson, of Orange, for appellees.

MURRAY, Justice.

This is an action of interpleader, filed in the district court of Orange county by the Rhode Island Insurance Company.

Arlis D. Edgar, the deceased, on April 4, 1942, shipped as a member of the crew of the SS Oklahoma at Port Arthur, Texas. The Insurance Company had issued a policy of War Risk Insurance insuring the lives of the members of the crew, each member being insured in the sum of $5,000. Arlis D. Edgar in a written designation of beneficiary made the following designation of beneficiary of the proceeds of such policy:

| Name | Age | Relationship | Address | Share |
|------|-----|--------------|---------|-------|
| Mrs. A. Edgar | 36 | Mother | Hemphill, Texas | All." |

Four days later, on April 8, 1942, the SS Oklahoma was sunk by enemy action and Arlis D. Edgar lost his life.

One of the appellees, Mollie J. Edgar, was the mother of the deceased; she was 36 years old and resided at Hemphill, Texas, at the time the designation of beneficiary was made. Mrs. A. Edgar, one of the appellants, is the wife of Austin Edgar, an uncle of the deceased. Her given name was Ima Lee Edgar. She was 24 years old at the time of such designation as beneficiary and resided in Hemphill, Texas.

William Gooch Edgar was the father of deceased and has been appointed and qualified as administrator of the estate of deceased. William Gooch Edgar and Mollie J. Edgar had been divorced for about three years before the death of the deceased seaman.

The Insurance Company filed its interpleader and deposited the sum of $5,000 in the registry of the court, alleging that it stood ready to pay the proceeds of said insurance policy to the person or persons legally entitled thereto, but that said Mollie J. Edgar, William Gooch Edgar and Mrs. A. Edgar had all made claim to such proceeds and that it was unable with safety to itself to make any payment without a judicial determination of the rightful payee of such insurance. The law firm of Minton & Minton was made defendants also but was later dismissed from the suit.

The appellant, Mrs. A. Edgar, asserted as a basis for her claim that she was the designated beneficiary and was therefore the proper person to be paid. The appellee, Mrs. Mollie J. Edgar, asserted that she is the mother of the deceased, designated by the deceased, and that while her name was not Mrs. A. Edgar she was the mother of the deceased and was 36 years of age, and

was residing in Hemphill, Texas, at the time of the designation of beneficiary. She asserted that her son intended to designate her, but the name "Mrs. A. Edgar" was written by mistake or inadvertence. The appellee, William Gooch Edgar, the qualified administrator of the estate of the deceased seaman, claims under the proposition that no beneficiary had been clearly and unambiguously named and the proceeds of such policy of insurance should be paid to him as administrator.

The appellee, Mrs. Mollie J. Edgar, further asserted in her pleading that the claim of Mrs. A. Edgar was not a bona fide claim and was not based upon sufficient facts to warrant litigation by interpleader, and prayed for judgment by cross action against Mrs. A. Edgar for any costs and attorneys fees which might be awarded in the judgment to the Insurance Company and which should be paid out of the proceeds of such insurance policy then in the registry of the court.

The case was tried before a jury and at the conclusion of the testimony the court submitted the following special issue for the jury's determination:

"Special Issue No. One. From a preponderance of the evidence whom do you find that Arlis D. Edgar, deceased, intended to name or designate as beneficiary in the beneficiary designation offered in evidence in this case?

"Answer by stating the name of the person."

The jury in its verdict made the following answer:

"Mrs. Mollie J. Edgar."

Thereafter, on motion duly made, the court entered judgment in favor of the appellee, Mrs. Mollie J. Edgar, for the proceeds of the insurance policy; for the Rhode Island Insurance Company for its costs and $300 attorneys fee; for Mollie J. Edgar against William Gooch Edgar, administrator, for her costs incurred; for Mollie J. Edgar against appellant, Mrs. A. Edgar and husband, Austin Edgar, for $300 and all costs of suit incurred.

Motion for a new trial was overruled and the appeals of Mrs. A. Edgar and husband,

and William Gooch Edgar, the administrator, are properly before this court.

■ Appellants complain in their First Point of the action of the trial court in permitting the witness Mollie J. Edgar to testify as to the contents of the "Copeland book" of the deceased. It was contended that such testimony was not admissible until a proper predicate had been laid, showing that the book had been lost and that proper and diligent search had been made for it. Testimony was introduced, showing that the book was one which the deceased carried on his person at all times; that it' was a sort of identification book, containing his personal description and his record of service at sea and other items concerning his affairs as a merchant seaman; that he had it on his person when he went aboard the SS Oklahoma for her last voyage; that the ship was sunk at sea by enemy action; that the deceased lost his life on such voyage. We think such facts sufficiently show that the book was probably lost on the ship on which the deceased lost his life, and that any search for it would prove fruitless, and therefore no error was committed in allowing the introduction of secondary evidence of the contents of the "Copeland book." The appellant, Mrs. A. Edgar, in cross examination of the same witness, developed practically the same testimony as that complained of, and by cross examination of the witness Tortoris also developed practically the same testimony complained of. We believe that if any error had been present such cross examination by the appellant operated to waive any complaint she may have had.

■ Appellants also complain of the action of the trial court in excluding certain testimony of William Gooch Edgar, administrator of the estate of the deceased, concerning a statement made to him by the deceased a short time before he sailed on his last voyage. The excluded statement was to the effect that deceased was going to make his insurance payable to his aunt Ima Lee Edgar, one of the appellants, and purportedly gave his reasons for such action. This was excluded on the objection of the appellee, Mollie J. Edgar, on the ground that such administrator was expressly precluded from testifying regarding statements made by the deceased by R.S. Art. 3716.

We overrule the contention of appellants. We note a great many exceptions to the statute, R.S. Art. 3716, in regard to applying it in suits over the proceeds of insurance policies, but we do not think such statements by this administrator is one of the exceptions. In the present case, after the insurer filed its interpleader and deposited the money in the registry of the court, the appellee Mollie J. Edgar claimed the money as the mother of the deceased whom deceased intended to designate as his beneficiary; the appellant, Mrs. A. Edgar claimed it as the named beneficiary; and the administrator claimed it as such administrator, asserting that no beneficiary had been clearly and unambiguously named. The administrator, as such, would be bound by such judgment as the court would enter in the case, and we think he is precluded from testifying as to statements made to him by the deceased, under the terms of R.S. Art. 3716, sometimes referred to as the "dead man's statute."

Appellant ably contends that by authority of Eatman v. Eatman, Tex.Civ.App., 135 S.W. 165, and Sarver et al. v. Vaughn, Tex. Civ.App., 261 S.W. 193, the excluded testimony was available to appellant. We have studied the cited cases with great care, and have also considered in connection with them the annotation in 122 A.L.R. 1300, and the cases cited there. In neither the Eatman case nor the Sarver case was the testimony of an administrator or legal representative of the deceased involved, and the rule announced therein in no way operates to affect the rule against the administrator testifying in this case. In Sharp v. American National Insurance Company et al., Tex.Civ.App., 126 S.W.2d 50, an exception to the general rule was noted and the common law wife of deceased was permitted to testify concerning facts and transactions with the deceased in support of her contention that she was such common law wife. The Galveston Court of Civil Appeals held this to be proper. The reasoning seems to be that if the wife, in a suit solely between her and the insurer, would be permitted to testify to certain facts, the insurer by bringing in all claimants in one action could not deprive her of such right. In the case under consideration, there seems to be no question that if William Gooch Edgar, the administrator, had brought suit against the insurer for the proceeds of the policy and no one else was in the suit as a claimant of the funds, he would not properly have been permitted to testify to the statements of deceased,

under R.S. Art. 3716. It follows, therefore, that the testimony was not improperly excluded in the case under consideration, and no error is shown.

■ Appellants by their sixth, seventh, eighth, ninth, tenth and eleventh points complain in various ways of the action of the court in awarding the proceeds of the insurance to the appellee, Mrs. Mollie J. Edgar, and not to the appellant, Mrs. A. Edgar. A great deal of testimony was introduced by Mrs. A. Edgar and Mrs. Mollie J. Edgar, showing facts throwing light on the intent of the deceased when he made the designation of beneficiary. The court properly submitted the question of his intent to the jury, and the jury found that the appellee, Mrs. Mollie J. Edgar, his mother, was the person he intended to designate as his beneficiary. While Mrs. A. Edgar, one of the appellants, maintains that the designation of her was clear and unambiguous, it is noted that her name was Ima Lee Edgar, and that some testimony was introduced to show that she was also known as "Mrs. A. Edgar." We think the pleadings of all parties and the evidence raised the issue of intent of the deceased, that it was properly submitted, and that judgment for appellee, Mrs. Mollie J. Edgar, for the proceeds of the insurance policy was proper. In view of the jury's finding, we think it immaterial whether the policy of War Risk Insurance is construed under the rules of the admiralty courts, as contended by appellants, since Mrs. A. Edgar's contention is brought forward only in support of her position as the named beneficiary. She asserts that in the admiralty courts it would not be necessary for her to have an insurable interest in the life of the deceased in order to recover. In view of the jury's finding that appellee, Mrs. Mollie J. Edgar, was the intended beneficiary, whether appellant, Mrs. A. Edgar had an insurable interest in the life of deceased is of no importance to the decision of this case. The contentions of appellants in the sixth to eleventh points, inclusive, are overruled.

■ In their third point, appellants complain of the action of the court in overruling their special exception to the cross action of Mrs. Mollie J. Edgar for attorneys' fees and costs in the suit of interpleader. Their fourth point complains of judgment for Mrs. Mollie J. Edgar against Mrs. A. Edgar and her husband, A. Edgar, for such attorneys' fees and costs. Their fifth point complains of judgment for Mrs. Mollie J. Edgar against the administrator for costs. The appellee contends that from the very beginning of the interpleader suit there existed no grounds for interpleader, and that the claims of the appellants were not in good faith and were not based on facts sufficient to warrant such litigation, and urged these grounds for the action of the court on the question of attorneys' fees and costs.

We think there was no error by the court in overruling the special exception of Mrs. Mollie J. Edgar. It amounted to a pleading of lack of good faith on the part of the other claimant and insufficient grounds for interpleader. See Wilke v. Finn et al., Tex.Com.App., 39 S.W.2d 836. We believe, however, that the appellee, Mrs. Mollie J. Edgar, failed to bring forward sufficient evidence to support such pleading, and that that portion of the judgment awarding Mrs. Mollie J. Edgar recovery against Mrs. A. Edgar and A. Edgar of three hundred dollars is not supported by the evidence. The judgment will be reformed by striking out such portion of the judgment.

■ The appellee, Mrs. Mollie J. Edgar, did not request the court to submit to the jury any special issue as to whether the appellants, Mrs. A. Edgar and A. Edgar, had acted in good faith or had sufficient ground for maintaining her claim in the interpleader suit, and since appellee was urging in her pleading this matter as a ground for recovery against the named appellants, she waived any right she may have had to such recovery by such failure.

There was no error in the judgment in assessing the costs against the appellants. The general rule that the costs must be paid by the ultimate losers seems to have been applied. See 25 Texas Jurisprudence 63, and cases therein cited.

The judgment will be reformed by striking from it that portion awarding Mrs. Mollie J. Edgar three hundred dollars against Mrs. A. Edgar and A. Edgar, and, as reformed, is affirmed.