Jewel CURTIS, Appellant,

v.

Farida CURTIS et al., Appellees.

No. 5625.

Court of Civil Appeals of Texas.

El Paso.

April 29, 1964.

Rehearing Denied May 20, 1964.

Wm. C. Parker, Bruce Graham, Greenville, Lynch & Chappell, Midland, for appellant.

H. S. Harris, Jr., Midland, for appellees.

PRESLAR, Justice.

Suit by the widow of an insured against the sister of the insured for the proceeds of a $55,000.00 life policy, the widow, Farida Curtis, contending that she is the sole beneficiary, and the sister, Jewel Curtis, claiming to be a co-beneficiary entitled to one-half, $27,500.00. The insurer, The Prudential Insurance Company of America, paid the proceeds into court and was discharged as a party defendant. The district court, sitting without a jury, rendered judgment for the widow. We are of the opinion that such judgment is correct.

The insured, J. B. Curtis, Jr., was a dealer for the Chrysler Motors Corporation, and as such was entitled to participate in their insurance program, coverage for which was provided by Prudential. By the terms of the plan the insured became eligible for increased amounts of life insurance during the period of time with which we are concerned. J. B. Curtis, Jr.

first became eligible for $30,000.00 coverage, $20,000.00 of which was issued by policy denominated "Group Insurance Policy Providing On A Contributory Basis Term Life Insurance". The widow, Farida, and the sister, Jewel, were named co-beneficiaries on this policy, and have been paid in equal shares. The insured was eligible for a total of $30,000.00 of coverage, but since Texas law does not permit group life policies in excess of $20,000.00, a second policy of individual term insurance for the additional $10,000.00 was issued. He was required to make separate application for this second policy, and in such policy again named Farida and Jewel as co-beneficiaries. He then became eligible for a total of $75,000.00 of insurance and was again required to make application for individual term coverage in the amount of the excess over the $20,000.00 group policy. When the insured made application for this $55,000.00 of coverage, he named only Farida as beneficiary. It is appellant's position that in as much as this $55,000.00 policy (No. 9719–B) included the $10,000.00 policy (No. 9719–A) in which she (Jewel) was a co-beneficiary, she remained a co-beneficiary on such $55,000.00 policy unless the insured changed his beneficiary. She seeks to maintain this position by a showing that the records of the insurer show her to be a co-beneficiary, with no change of beneficiary ever made, and her assignments of error, One, Two and Three are, in essence, that the trial court erred in its findings to the contrary. Both parties agree that the controlling single fact is who is the named beneficiary on the records of the insurer.

As to this question it is undisputed that the application for policy No. 9719–B by J. B. Curtis, Jr., listed only his wife, Farida, as his sole beneficiary. The policy provides that such application shall be a part of the policy. In fact it is the only place in the policy where the beneficiary is named. This should settle the question, but for a hand-written notation on the application which was placed there by one J. R. Hall, or someone in the home office of Prudential. The notation was "see letter dated 7/20/60", and such notation was listed under the name of Farida Curtis in the space provided for the naming of beneficiaries. At some time after the application of J. B. Curtis, Jr. reached the home office of Prudential, J. R. Hall, a supervisor in such office, wrote to Curtis a letter dated July 20, 1960, as follows:

"Dear Mr. Curtis:

"On the application for the individual term insurance which you sent to us recently you indicate your beneficiary should be Farida Curtis, wife, if living. Our insurance records show your present beneficiary is Farida Curtis, wife, and Jewel Curtis, sister, in equal shares. If you wish to change your beneficiary, please complete the enclosed change of beneficiary card. If you do not wish to change your beneficiary designation, please let us know so that we may mark our records accordingly."

Curtis wrote across the bottom of this letter: "Let it remain the same", and signed his name. This letter and its reply are susceptible of different constructions, and appellant construes it to mean that the records of the insurer show Farida and Jewel to be co-beneficiaries, and the reply of Curtis to mean that he wanted it left that way. She urges that such construction would require Curtis to execute a change of beneficiary on a form acceptable to the Prudential company for her to cease to be a beneficiary.

■ It is our view that the letter and its reply have no bearing on the proper decision as to who is the beneficiary under this policy, No. 9719–B. When the application was made with Farida as the only named beneficiary, by the terms of the policy she became the sole beneficiary. Unless and until the insured changed his designation, she remained the beneficiary, and it is not contended that he met the requirements of Prudential as to changing

his beneficiary. This policy must be construed by its own terms, and we fail to see how the fact that appellant had been named as a beneficiary on other policies of the insured could affect it. Prudential supervisor, J. R. Hall, testified that "Policy No. 9719–B replaced Policy 9719–A", and by instrument entitled "Statement of Individual Policy Coverage", dated July 18, 1960, issued to J. B. Curtis, Jr., by Prudential to evidence the $55,000.00 coverage under policy No. 9719–B, this replacement is further borne out. This instrument provides:

"This Statement of Individual Policy Coverage describes the only individual policy of insurance in force on your life under the Plan on the date hereof, and any statements previously furnished by the Chrysler Motors Corporation with respect to an individual policy should be disregarded."

Thus, we fail to see any connection between the policies from the records of the insurer, and remain convinced that the beneficiary under Policy No. 9719–B is determined by the provisions of such policy. Article 3.44, subd. 3, Insurance Code of Texas, Vernon's Ann.Civ.St. provides that the policy, or policy and application, shall constitute the entire contract between the parties; and the policy in question provides that it, together with attached papers and endorsements, constituted the entire contract between the parties. The application of the insured was attached. No change of beneficiary was attached. The letter of J. R. Hall was not attached. From the foregoing, it follows that it is our opinion that the evidence sustains the trial court's findings, and appellant's points One, Two and Three are accordingly overruled.

By her point number Four, appellant urges as error the action of the trial court in not admitting into evidence a question propounded to J. R. Hall as to whom "the records" of Prudential showed to be the beneficiary under the policy of insurance referred to in the letter above

set out, from Hall to Curtis. The witness was testifying by written interrogatories and had stated that all records pertaining to the matter had been attached to his deposition. Thus, his answer was properly excluded as being an invasion of the province of the court, in that the witness was asked to conclude from such records the very question before the court. Also, if we be correct in our holding that Policy No. 9719–B constitutes the entire contract between the parties, then the witness would be precluded from altering it by parol testimony. The same is true of the other excluded evidence set forth in such point of error.

All assigned points of error having been overruled, the judgment of the trial court is affirmed.