Gertrude **LEATH**, Appellant,

v.

Ben E. **TILLERY**, Appellee.

No. 16882.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 19, 1968.

Rehearing Denied Feb. 23, 1968.

Sidney E. Dawson, Dallas, for appellant.

Brantley Pringle, Fort Worth, for appellee.

OPINION

RENFRO, Justice.

Republic National Life Insurance Company paid into court as stakeholder the sum of $4,500.00, being the proceeds of Group Life Insurance Policy No. 6517.

Ben E. Tillery was the surviving husband of Gloria H. Tillery, and Gertrude Leath was the mother of Gloria H. Tillery. Each claimed the benefits of such policy.

The real controversy in the trial court developed into a contest between Gertrude Leath and Ben E. Tillery.

Judgment was rendered against Gertrude Leath.

Mrs. Leath appealed. Pending the appeal, Mrs. Leath died. The appeal continued in her name. Rule 369a, Texas Rules of Civil Procedure.

For clarity, we refer to Mrs. Leath as plaintiff and Ben E. Tillery as defendant.

On April 15, 1957, Union Casualty and Life Insurance Company issued to Trustees and Successors of the Central States Southeast and Southwest Areas Health and Welfare Fund its Group Life Policy. Gloria H. Tillery was issued Certificate No. 183017, in which Gertrude Leath was named beneficiary. Later, Mount Vernon Life Insurance Company took over the coverage and Mrs. Leath was designated beneficiary.

On April 1, 1960, Republic National Life Insurance Company issued to the Trustees its policy of life insurance No. 6517. Gloria H. Tillery was insured thereunder in the amount of $4,500.00. Gloria H. Tillery did not designate a beneficiary under said policy and none was named in the certificate issued to her.

Gloria H. Tillery died June 8, 1965, without ever naming a beneficiary.

Plaintiff contends that since she was named beneficiary in the 1957 policy issued by Union Casualty and Life Insurance Company, and in the succeeding policy issued by Mount Vernon Life Insurance Company, such designation as beneficiary should be considered to become a part of the 1960 policy issued by Republic National Life Insurance Company, even though no beneficiary was named therein, because, she argues, the Republic policy merely carried out the provisions of the former policies.

Gloria H. Tillery was an unmarried woman when the original policy naming her mother as beneficiary was issued by the Mount Vernon Life Insurance Company. She married Ben E. Tillery prior to the issuance of the Republic policy in 1960. At her death she was survived by Ben E. Tillery, her husband, and by a minor child.

The Republic policy provided in part: "Any Insured hereunder may, from time to time, designate a new beneficiary by filing with the Company a written request for change of beneficiary on a form satisfactory to the Company. No such change of beneficiary shall take effect until such request shall have been filed at the Home Office of the Company * * *." It is undisputed the insured never filed the name of a designated beneficiary with the home office.

The policy further provided: "Subject to due proof of death, any sum becoming due on account of the death of an Insured shall be payable to the beneficiary or beneficiaries designated by the Insured and filed at the Home Office of the Company. * * * If *no* designated beneficiary survives the Insured, or if no beneficiary shall have been named, the insurance shall be paid to the executors or administrators of the Insured except that the Company may in such case, at its option, pay such insurance to the wife or husband, if living; * * *."

Also, the policy contained the provision, "This policy, the application of the Policy-

holder attached hereto, and the individual applications, if any, of the Insureds, constitute the entire contract between the parties hereto."

In Article 3.44, § 3, V.A.T.S., Insurance Code, it is provided that the policy, or policy and application, shall constitute the entire contract between the parties and shall be incontestable not later than two years from its date, except for non-payment of premiums.

The court in Curtis v. Curtis, 378 S.W.2d 955 (Tex.Civ.App., 1964, ref., n. r. e.), stated: "* * * it is not contended that he met the requirements of Prudential as to changing his beneficiary. This policy must be construed by its own terms, and we fail to see how the fact that appellant had been named as a beneficiary on other policies of the insured could affect it. * * * we fail to see any connection between the policies from the records of the insurer, and remain convinced that the beneficiary under Policy No. 9719–B is determined by the provisions of such policy. Article 3.44, subd. 3, Insurance Code of Texas, Vernon's Ann.Civ.St. provides that the policy, or policy and application, shall constitute the entire contract between the parties * * *. [I]f we be correct in our holding that Policy No. 9719–B constitutes the entire contract between the parties, then the witness would be precluded from altering it by parol testimony."

The policy was issued to Gloria H. Tillery on April 1, 1960. It was still in force and effect at the date of her death, more than five years later, namely, June 8, 1965. During all this time she made no effort to name a beneficiary. We hold that there was no named beneficiary and the court did not err in denying plaintiff recovery.

Plaintiff briefed nine points of error. Each and all have been considered and each and all are overruled.

The judgment of the trial court is affirmed.

Affirmed.