**Bonnie Bell TAYLOR et vir., Appellants,**

**v.**

**Marcedis A. HARRISON, Individually and as Administratrix of Estate of Herschel E. Harrison, Dec., Appellee.**

**No. 17044.**

Court of Civil Appeals of Texas.

Fort Worth.

Sept. 12, 1969.

Rawlings, Sayers & Scurlock, and A. William Brackett, Fort Worth, for appellant.

Morgan, Gambill & Owen, and David B. Owen, Fort Worth, for appellee.

OPINION

RENFRO, Justice.

Finding that Herschel E. Harrison, deceased, had not designated a beneficiary in

an insurance policy hereinafter mentioned, the court entered judgment directing that the $10,000.00 proceeds from the policy be paid to the estate of the deceased.

On appeal Bonnie Bell Taylor, mother of the deceased, in her only point of error claims "The trial court erred in finding no designation of beneficiary under the group insurance policy issued by the Prudential Insurance Company of America to Herschel E. Harrison."

In 1952, Aetna Life Insurance Company was group insurer for the employees of Bell Helicopter Company. Bell administered the policy through its office.

On January 5, 1952, Herschel E. Harrison, an unmarried man, was employed by Bell. On the same date he applied for insurance under the group plan and named his mother Bonnie Bell Harrison (now Mrs. C. B. Taylor) as beneficiary. A certificate of insurance was issued to Harrison on January 7, 1952.

Herschel Harrison married Marcedis, appellee, on November 16, 1953. Marcedis remained his wife during his lifetime.

Metropolitan Life Insurance Company became Bell's group insurer and on June 1, 1957, issued a Group Insurance Certificate to H. E. Harrison, showing: "Beneficiary Marcedis Harrison—Wife."

On July 1, 1962, The Prudential Insurance Company of America became the group insurer for Bell. A certificate of coverage was issued to Harrison. Prudential furnished Bell with various forms, etc., including beneficiary forms. The master policy provided that any insurance becoming payable on account of death of a participant "shall be payable to the person designated by him as his Beneficiary on a form furnished by or satisfactory to the Insurance Company."

Harrison, so far as the record shows, did not designate to Prudential a beneficiary. The certificate of coverage issued to him did not name a beneficiary.

The Prudential insurance was in force when Harrison died, without issue, June 24, 1966.

Marcedis duly qualified as administratrix of Harrison's estate.

Both Marcedis Harrison, the surviving wife of the insured Herschel E. Harrison, and Bonnie Bell Taylor, mother of Herschel E. Harrison, made claims upon Prudential.

Prudential joined both claimants in an interpleader suit under the provisions of Rule 43, Texas Rules of Civil Procedure, and paid the amount of the Harrison policy, $10,000.00, into court.

An agreed judgment was entered discharging Prudential from further liability and the suit continued as a contest between Bonnie Bell Taylor and Marcedis A. Harrison, individually and as administratrix of the estate of Herschel E. Harrison, deceased.

In a non-jury trial, judgment was entered directing payment of the $10,000.00 to the estate of Herschel E. Harrison.

The facts in Leath v. Tillery, 424 S.W. 2d 505 (Tex.Civ.App., 1968, ref., n. r. e.), are so similar and the policy provisions in the various policies so near identical to those in the instant case that our holding therein is controlling here. In that case we held there was no named beneficiary.

In the Leath case we quoted the following from Curtis v. Curtis, 378 S.W.2d 955: "The Court in Curtis v. Curtis, 378 S.W. 2d 955 (Tex.Civ.App., 1964, ref., n. r. e.), stated: '* * * it is not contended that he met the requirements of Prudential as to changing his beneficiary. This policy must be construed by its own terms, and we fail to see how the fact that appellant had been named as a beneficiary on other policies of the insured could affect it. * * * we fail to see any connection between the

policies from the records of the insurer, and remain convinced that the beneficiary under Policy No. 9719–B is determined by the provisions of such policy. Article 3.44, subd. 3, Insurance Code of Texas, Vernon's Ann.Civ.St. provides that the policy, or policy and application, shall constitute the entire contract between the parties * *.' "

In the instant case Harrison was unmarried and his mother was a widow when he designated her as beneficiary of the Aetna policy in 1952. At the time the Metropolitan policy was issued in 1957 Harrison was married to Marcedis, appellee. Although the record does not show whether or not he signed a beneficiary form at that time, the record does show that Marcedis was named beneficiary in the certificate of insurance issued to Harrison.

The record does not show when Harrison's mother married Taylor.

The record does show that Harrison was still married to Marcedis when Prudential issued its certificate to him in 1962 and was still married to her at the time of his death in 1966.

Admittedly, he did not sign a beneficiary form when Prudential issued its policy. The Prudential policy did not name a beneficiary.

During the approximate four years Harrison held the Prudential insurance prior to his death, he made no effort to name a beneficiary.

The record amply supports the trial court's finding that under the policy issued by Prudential no designation of beneficiary was made. Appellants' contention to the contrary is overruled.

Affirmed.