Maurine Billings TRAMEL, Appellant,

v.

ESTATE OF Lee BILLINGS, Jr., Appellee.

No. 04–83–00563–CV.

Court of Appeals of Texas, San Antonio.

Sept. 25, 1985.

Rehearing Denied Oct. 28, 1985.

Haygood Gulley, Quinton Etzel, Doran, Gulley & Etzel, Del Rio, for appellant.

Carl Pendergrass, Victor Roberto Garcia, Del Rio, for appellee.

Before BUTTS, CANTU and REEVES, JJ.

## OPINION

BUTTS, Justice.

This is an interpleader action by Republic Bankers Life Insurance Company to deter-

mine which of two claimants, the ex-wife, Maurine Billings Tramel, or the estate of Lee Billings, Jr., is entitled to the proceeds of two life insurance policies, paid into the registry of the court, in the respective amounts of $5,100 and $6,540, both insuring the life of Lee Billings, Jr. The estate and Tramel each claim to be the legal beneficiary. Trial was to the court, which awarded the insurance policies to the estate. The ex-wife appeals.

Both Tramel and the estate stipulated to the following facts and to the admission of documentary evidence reflecting the sequence of events:

(1) two life insurance policies on the life of Billings issued on 3–25–81 with named beneficiary Maurine Billings.

(2) letter written by Carl Pendergrass, attorney for Billings, dated 3–4–82, requesting a change of beneficiary from Maurine Billings to estate of Lee Billings, Jr.

(3) death certificate of Billings, dated 3–13–82.

(4) letter from insurance company to Billings indicating that requested change of beneficiary was effective as of date of receipt of Pendergrass's letter on 3–9–82.

■ Appellant assigns three points of error. Appellant first argues that the testimony of Carl Pendergrass should not have been admitted into evidence, relying on the prohibition of the Dead Man's Statute, TEX.R.EVID. 601(b). Trial of this case was September 10, 1983. The new Texas Rules of Evidence, effective September 1, 1983, apply. Rule 601(b) states:

(b) In actions *by or against* executors, *administrators*, or guardians, *in which judgment may be rendered for or against them as such*, neither party shall be allowed to testify against the others as to any oral statement by the testator, intestate or ward, *unless that testimony to the oral statement is corroborated* or unless the witness is called to testify thereto by the opposite party; and, the provisions of this article shall extend to and include all actions by or

against the heirs or legal representatives of a decedent based in whole or in part on such oral statement. Except for the foregoing, a witness is not precluded from giving evidence of or concerning *any transaction* with, any conversations with, any admissions of, or statement by, a deceased or insane party or person merely because the witness is a party to the action or a person interested in the event thereof. [Emphasis added.]

This statute significantly limits the exclusion of evidence. Whereas its predecessor, TEX.REV.CIV.STAT.ANN. art. 3716 (Vernon 1926) (repealed as to civil actions, effective September 1, 1983), extended prohibitions of the Dead Man's Statute "to any transaction with or statement by, the testator," the new statute permits testimony to an oral statement of decedent if it is corroborated. It does not require exclusion of evidence of transactions with the deceased.

■ Texas courts have not yet construed the new statute concerning corroboration of an oral statement of the decedent. It is plain that Carl Pendergrass is the administrator of the estate of Billings; however, we distinguish the present kind of suit from one in which the administrator is sued in that capacity and where judgment may thus be rendered against the administrator. In this case the insurance company sought a declaration of the rightful *legal beneficiary* of the proceeds of the policies. After the ex-wife made a claim for the proceeds, the insurance company sought a declaration of the rightful legal beneficiary of the proceeds. It did not sue the administrator; rather, Republic sued the estate and Tramel as possible beneficiaries. Tramel is not in the posture of an heir or a legal representative.

Pendergrass testified about the occasion in his law office when he conferred by telephone with the insurance company. He followed this with the letter to the insurance company requesting the change of beneficiary. The insurance company's letter to Billings indicated the change had been made before his death.

In its conclusion of law two, the trial court found that Pendergrass' testimony of an oral statement by Billings was corroborated by Pendergrass' letter of March 4, 1982.

■ Generally, corroborative evidence must tend to support some of the material allegations or issues which are testified to by the witness whose evidence is sought to be corroborated. Annot., 21 A.L.R.2d 1013, 1018 (1952). Corroboration may come from any other competent witness or other legal source, including documentary evidence. *Id.* at 1025. *See Defoeldvar v. Defoeldvar*, 666 S.W.2d 668, 670 (Tex.App.—Fort Worth 1984, no writ). However, corroboration of an interested party may not emanate from him or depend upon his credibility. Annot., 21 A.L.R.2d at 1026.

To illustrate other jurisdictions' approaches to corroboration in the context of Rule 601(b), *see Consolidated Construction, Inc. v. Smith*, 634 P.2d 902, 906–907 (Wyo.1981) (no independent corroboration). *Compare Mahan v. First National Bank of Arizona*, 139 Ariz. 138, 677 P.2d 301, 304 (Ariz.App.1984) (oral agreement sufficiently corroborated by billing statements and delivery tickets); *Gray v. Gray*, 412 A.2d 1208, 1212 (D.C.App.1980) (witness' testimony corroborated by its adverse nature; independent documentation); *Prather v. Hill*, 250 A.2d 690, 693 (D.C.App.1969) (witness' testimony corroborated by other witness).

We have no need to determine whether the letter of Pendergrass to the insurance company and the insurance company's response to that letter represent independent corroboration of an oral statement in view of the disposition of the case.

## THE CAPACITY IN WHICH THE PARTIES WERE SUED

■ We set out some distinguishing features of this suit. This is a suit instituted by the "stakeholder" insurance company. It seeks to have the court determine the legal beneficiary of the policies. A beneficiary is defined as one to whom a policy of insurance effected is payable. TEX.INS.

CODE ANN. art. 3.01, § 9 (Vernon 1981). Section 450(a) of the TEX.PROB.CODE ANN. (Vernon 1980) provides, in part:

Any of the following provisions in an insurance policy ... is deemed to be nontestamentary....

(1) that money or other benefits ... controlled, or owned by a decedent shall be paid after his death to a person designated by the decedent in either the instrument or a separate writing....

\* \* \* \* \* \*

We will consider the character of the proceeds to be payable upon the death of Billings. It is plain the right to the proceeds does not accrue as a testamentary right to those who will take under the laws of descent and distribution. In that respect they are not "heirs." Proceeds of an insurance policy are by statutory definition nontestamentary in nature. The estate here is in the posture of a legal beneficiary. In the context of this suit there are no heirs. Only the estate is named in the suit. Moreover, the administrator is not named as a party, nor does he represent any inherited rights.

■ Tramel unquestionably is not a heir or legal representative. She also would be a legal beneficiary. If Tramel had sued the insurance company in her own name she would stand on her own right and not upon any right claimed as inherited from the decedent. The same can be said of her position in this interpleader suit. It is likewise true of the estate. The right to the proceeds of the policies claimed by the estate is not one based upon any right inherited from the decedent. Further, this is not an administration of the estate.

■ It has been noted that Texas courts in the past construed the Dead Man's Statute narrowly. *Lewis v. Foster*, 621 S.W.2d 400, 404 (Tex.1981). The supreme court emphasized that the statute has been severely criticized. *Id.* at 402. Its construction has not been extended beyond its plain meaning. Moreover, it has been determined that the inhibitions of the former

Dead Man's Statute do not extend to or include actions by or against a legatee or devisee of a decedent. *Roberts v. Carlisle*, 4 S.W.2d 144, 148 (Tex.Civ.App.—Dallas 1928, writ dism'd). For instance, in *Emerson v. Scott*, 39 Tex.Civ.App. 65, 87 S.W. 369, 370 (Dallas 1905, no writ), the testimony of a witness that the deed in question was in fact given by the decedent as a mortgage was held to be admissible as against the legatees but not as against the heirs and legal representatives. The application of the statute referred to, stated that court, is limited to heirs and legal representatives, and does not include devisees and legatees. *Id.* 87 S.W. at 370.

The benefits of the provisions of the article against admission of testimony are secured to, and only to be invoked by, the parties named in the statute. *Roberts v. Carlisle, supra,* at 148. The *Roberts* court concerned itself with the capacity in which the defendants were sued.

The supreme court in *Newton v. Newton*, 77 Tex. 508, 14 S.W. 157 (1890), posed the question whether the capacity in which the plaintiff sues is such as to preclude any party from testifying to statements by, or transactions with, [the decedent] in his lifetime. The court concluded that in extending the exception (exclusion of testimony) to "heirs and legal representatives," it was intended to name expressly every class of persons who were to be embraced within the exceptions, and to leave nothing to implication. *Id.,* 14 S.W. at 158. Thus, in that case, the testimony of a legatee, although a party, was wrongfully excluded, because the statute failed to mention legatees or devisees.

In some of the cases cited in *Newton* and *Roberts*, the parties, whose testimony concerned statements and transactions of the decedent, were seeking to take from the decedent as named legatees and devisees. In the present case neither the estate nor the former wife claims to be more than a legal beneficiary. Further, the insurance company sued them in that capacity. Clearly a legal beneficiary is not expressly included within the exceptions of the statute.

The pleadings of the interpleader insurance company could not place either the estate or Tramel in the attitude of an heir, since neither was claiming the proceeds of the policy by inheritance. Thus the estate could not be deprived of the attorney's testimony with regard to the circumstances leading to the change of beneficiary. *See Ivy v. Ivy*, 128 S.W. 682, 683 (Tex.Civ.App. —1910, no writ).

The benefits of the provisions of the article against admission of testimony are secured to, and only to be invoked by, the parties named in the statute. The estate and Tramel each seek recovery only in their own right. Therefore, no judgment may be rendered for or against them as the heirs or legal representatives of decedent; the provisions of the Dead Man's Statute do not apply. *See e.g. Heil Co. v. Grant*, 534 S.W.2d 916, 924 (Tex.Civ.App.—Tyler 1976, writ ref'd n.r.e.) (wrongful death action).

This case is unlike *Edgar v. Rhode Island Insurance Co.*, 181 S.W.2d 824 (Tex. Civ.App.—Beaumont 1944, no writ), wherein the claimants were heirs of the decedent, who died intestate. The administrator of that estate represented the heirs because no beneficiary of the insurance proceeds had been unambiguously named as in the present case. Here the rights to the proceeds do not accrue to the estate by inheritance but by nontestamentary designation.

In *Edgar*, the administrator's testimony to a transaction with the decedent was properly excluded. As noted earlier, testimony to a transaction which was excludable under the former Dead Man's Statute is now admissible.

We hold the determining factor here is the capacity in which the parties were sued. Keeping in mind that Pendergrass was not sued as the administrator, and although he may be a person interested in the event, he is not one for or against whom the judgment may be rendered. Since he was not named as a beneficiary or party in the interpleader action, he is not one named in the statute to be bound by its terms.

Moreover, since Tramel is not an heir nor one of those named in the restrictive terms of the statute, she may not invoke its terms to her benefit.

We hold because of the nontestamentary character of the proceeds and because a specific beneficiary had been designated, the inhibitions of the Dead Man's Statute do not apply.

We further note that the testimony of Pendergrass relates a transaction with the deceased, rather than an "oral statement." The ensuing letters to and from the insurance company bear this out. A transaction with the decedent may now come into evidence through testimony which, in times past, would have been excluded. The first point of error is overruled.

In point of error two, appellant asserts the evidence is insufficient to show that decedent requested a change of beneficiary; in three, that there is insufficient evidence of the insurance company's waiver of its insurance contract for a change in beneficiary. We will consider them together. It is argued that the stipulated evidence by itself is insufficient to indicate decedent requested a change of beneficiary; therefore there was failure to substantially comply with the provisions of the insurance contract concerning change of beneficiary. The contract provides:

Changes in the designation of the Beneficiary may be made during the lifetime of the Insured by making written request on forms provided by the Company. The new designation will not take effect until approved by the Company in writing. When so approved, the new designation shall take effect as of the date of such request, whether or not the Insured is living on the date of approval. The Company shall not, however, suffer loss because of payments made before the approval of such change. [Emphasis added.]

Appellant raises a "sufficiency" point but does not argue that the evidence is factually and/or legally insufficient. We will review under both standards.

In deciding a no evidence point, a question of law, we may consider only that evidence and the reasonable inferences therefrom which, when viewed in its most favorable light, support the court finding and we must reject all evidence or reasonable inferences to the contrary. *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400, 401 (Tex.1981). After deciding a no evidence point, the court then considers the insufficient point by examining all of the evidence. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965).

The letter requesting a change of beneficiary was written by Pendergrass and was not signed by the decedent. We read the provision of the insurance contract between the insured and the company as requiring that (1) the insured must request a change of beneficiary, and (2) the request must be made on forms supplied by the insurance company. The company instructed Pendergrass to send a letter instead. The insurance company indicated by its reply that Pendergrass' request for a change in beneficiary was satisfactory because it sent Billings, *not Pendergrass*, an endorsement indicating an effective change of beneficiary to attach to his policy. *See Fidelity Union Life Insurance Co. v. Methven*, 162 Tex. 323, 346 S.W.2d 797, 798 (1961). We find the evidence to be legally and factually sufficient to indicate substantial compliance. "Substantial compliance" has been defined as the insured's doing all that he could reasonably have done to effect a change. *Odle v. Williamson*, 570 S.W.2d 188, 191 (Tex.Civ.App.—Tyler 1978, no writ). Points of error two and three are overruled.

Accordingly we affirm the judgment.