James Ray MOREHEAD, Appellant,

v.

Nellie MOREHEAD, Appellee.

No. 9541.

Court of Appeals of Texas, Texarkana.

Sept. 1, 1987.

Rehearing Denied Oct.13, 1987.

Judgment Reversed, Dec. 16, 1987.

J. Michael Brock, Davis & Brock, New Boston, for appellant.

Jerry Pratt, Jr., Law Offices of Harold W. Nix, Daingerfield, for appellee.

CORNELIUS, Chief Justice.

This is an interpleader action which determined the right to a decedent's group life insurance benefits. James Ray Morehead appeals from the judgment which awarded the insurance benefits to Nellie Morehead.

Appellant James Ray Morehead is the son of appellee Nellie Morehead and the decedent J.J. Morehead. In 1974, J.J. Morehead filed a beneficiary designation card with his employer, Lone Star Steel Company, which named James Ray Morehead as his sole beneficiary under the group policy Lone Star had at that time which was Travelers Insurance Company policy, # 377002. In 1979, Lone Star changed its carrier to Provident Insurance Company, which issued a new group life insurance policy, # 1186–LS. At the time of J.J. Morehead's death, the Provident policy was in effect, but no new beneficiary designation card had been executed.

Provident paid the policy proceeds into the registry of the court pursuant to an interpleader action naming appellant James Ray Morehead and appellee Nellie Morehead as defendants. Provident was then dismissed from the suit and the case was tried without a jury. The court held that the designation of appellant as beneficiary on June 7, 1974, under the Travelers policy did not apply to the Provident policy, and that Nellie Morehead was entitled to the policy proceeds as representative of J.J. Morehead's estate.

The Provident policy employees' handbook provided in part as follows:

> When you sign up for the Plan, you may name anyone you wish as beneficiary. You may change your choice at any time on forms available in the Employee Benefits Office.
>
> . . . .
>
> Any change of beneficiary becomes effective *when your Employee Benefits Office receives your written notice in form satisfactory to the insurance company.* (Emphasis added.)

The booklet also provided that:

> If you have no designated beneficiary living at your death, the insurance company may pay benefits to your estate or according to the following priority list of survivors:
> * your wife or husband
> * your children
> * your parents.

J.D. Shankle was the manager of employee benefits for Lone Star, and he testified as follows: He managed the benefit plans at Lone Star for the employees. When Lone Star first provided its employees with group life insurance benefits, each employee was given a benefit booklet explaining the benefits. An enrollment card was furnished each employee during the initial enrollment period, and the card had a place for designation of a beneficiary. These beneficiary designation cards are kept in his office at Lone Star, and he had in his files J.J. Morehead's initial beneficiary designation card as well as the change of beneficiary executed on June 7, 1974, naming appellant as beneficiary. It was his opinion that the beneficiary designation of appellant complied with the rules of the benefit booklets and that appellant was the correct beneficiary under the existing Provident policy. It was further his opinion that Lone Star was a self-insured entity, and that the insurance companies simply administered Lone Star's insurance plan. When the insurance carrier was changed from Travelers to Provident there was no new enrollment, but new benefit books were prepared and distributed later. The enrollment and beneficiary designation cards are designed to meet the requirements of all insurance carriers, and "when

we moved from one company to another, they just look at the wording on the enrollment card and if it meets with their requirements, that's it." To the best of his knowledge Provident accepted the beneficiary cards that were in existence prior to Provident becoming the insurance carrier.

■ In his first point of error, appellant contends that the trial court erred in refusing to admit into evidence a portion of Provident's answers to requests for admissions. We agree.

Appellant served requests for admissions on Provident, specifically asking it to admit that at J.J. Morehead's death it had a policy on his life; that it had received J.J. Morehead's June 7, 1974, designation of appellant as beneficiary; that such designation of beneficiary was properly executed; and that Provident had received no notice of change of beneficiary designation since June 7, 1974. Provident admitted those requests and added a "preliminary statement" as follows:

> By way of a preliminary statement, PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY would show that at times not relevant hereto that a group policy for Lone Star Steel was issued by the Travelers Insurance Company. At the time Travelers Insurance Company's group coverage terminated, PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY took over the group coverage with the group policy holder being Northwest Industries, Inc., subsidiary, Lone Star Steel, and bearing group policy number I–186. Pursuant to the implementation of the PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY plan and in connection with Lone Star Steel Company's employee benefits administrator, PROVIDENT became obligated to accept the Travelers' beneficiary designation cards. The beneficiary designation cards are maintained at Lone Star Steel Company and are in the possession and custody of Mr. J.D. Shankle. Mr. Shankle has all the original cards designating beneficiaries.

The trial court admitted Provident's specific admissions, but refused to consider the preliminary statement or allow it into evidence. We believe the court erred in that respect.

Although the excluded statement was not numbered as a specific response, it was an admission by Provident on the very crucial issue involved in the lawsuit, i.e., whether it had received and accepted a designation of appellant as beneficiary under its policy. As such, the statement was relevant and admissible, the same as any other admission. Of course, this admission was not binding on appellee Nellie Morehead. Admissions are never binding on anyone except the one making them. It was binding on the insurance company, however, and should have been admitted and considered as evidence on the question of whether Provident accepted the beneficiary designation under the previous policy as compliance with its policy requirements. The fact that the insurance company had been dismissed from the suit after the admission was made did not deprive the admission of probative value. *See Employers Mutual Casualty Co. v. Kirkland,* 480 S.W.2d 408 (Tex.Civ.App.—Waco 1972, writ ref'd n.r.e.).

■ The argument is made that the admission was properly excluded because it was in the nature of parol evidence attempting to vary the terms of the written insurance contract. We disagree. Evidence of a waiver by Provident of the strict requirements of its policy provisions and its acceptance of the existing beneficiary designation is not evidence contradicting the policy—it is evidence of *compliance* with the policy. Parol or extraneous evidence which does not contradict the written contract, but which rather shows a waiver of its terms or a compliance with the contract is admissible and probative. 36 Tex.Jur.3d *Evidence* § 334 (1984).

■ Policy requirements for designating or changing the beneficiary are primarily for the benefit of the insurance company, and compliance with them may be waived by the insurance company during the lifetime of the insured. *Fidelity Union Life Insurance Company v. Methven,* 162 Tex.

323, 346 S.W.2d 797 (1961); *Tramel v. Estate of Billings,* 699 S.W.2d 259 (Tex.App. —San Antonio 1985, no writ). When such policy requirements have been waived and a designation of beneficiary in a manner satisfactory to the insurance company and to the insured has been completed during the lifetime of the insured, no ousted alternate or potential beneficiary has legal standing to assert that the designation was effected without substantial compliance with the policy requirements. *Fidelity Union Life Insurance Company v. Methven,* supra, and authorities there cited. Thus, evidence showing that Provident waived the strict requirements of its policy and accepted the existing beneficiary designation held by Lone Star in its office as being effective for its own policy, could be sufficient to support a conclusion by the trier of fact that appellant complied with the designation requirements. A similar result was reached in *First National Bank of Anson County v. Nationwide Ins. Co.,* 49 N.C. App. 365, 271 S.E.2d 528 (1980), *rev'd on other grounds,* 303 N.C. 203, 278 S.E.2d 507 (1981).

Appellee Nellie Morehead relies on the cases of *Taylor v. Harrison,* 445 S.W.2d 270 (Tex.Civ.App.—Fort Worth 1969, no writ), and *Leath v. Tillery,* 424 S.W.2d 505 (Tex.Civ.App.—Fort Worth 1968, writ ref'd n.r.e.), which held that the designation of a beneficiary under one policy was not effective for a subsequent and different policy. These cases are distinguishable, however, because in them there was no claim or evidence, as there is in this case, that the insurer under the new policy had waived the policy requirements and had accepted the previous designation as compliance with its own policy.

As the trial court should have allowed the admission into evidence and considered it on the issue of waiver and compliance with the policy terms, the judgment is reversed and the cause is remanded for a new trial. It is not necessary to discuss appellant's other points.