Nellie **MOREHEAD**, Petitioner,

v.

James Ray **MOREHEAD**, Respondent.

No. C–6997.

Supreme Court of Texas.

Dec. 16, 1987.

Rehearing Denied Jan. 20, 1988.

Jerry Pratt, Jr., Harold W. Nix & Associates, Daingerfield, for petitioner.

J. Michael Brock, Davis & Brock, New Boston, for respondent.

PER CURIAM.

This case commenced as an interpleader action by Provident Life and Accident Insurance Company to determine who was entitled to the proceeds of a group insurance policy payable on the death of J.J. Morehead. The trial court ordered the benefits paid to Nellie Morehead. The court of appeals reversed that judgment and re-

manded the case for a new trial. 738 S.W.2d 42. We reverse the judgment of the court of appeals.

J.J. Morehead was an employee of Lone Star Steel. He initially designated his wife, Nellie, as beneficiary of an insurance policy written by Travelers Insurance Company. J.J. and Nellie divorced in 1973, and in 1974 he filed a new card with Lone Star designating their son, James Ray Morehead, as beneficiary.

In 1979, Lone Star switched from Travelers to Provident Life and Accident Insurance Company. No new designation card was submitted. J.J. and Nellie remarried in 1978, and J.J. died in 1983. Nellie and James both claimed the policy benefits, and Provident filed this interpleader action against them. Provident also tendered into court the $84,000 payable under the policy and was later dismissed by agreement. While Provident was still a party, Tex.R.Civ.P.Rule 169 requests for admission of relevant facts were served on it by James. During trial, James sought to read into evidence a preliminary statement made by Provident in answering the requests. The trial court sustained objections to the preliminary statement being read, but Provident's admissions to specific requests were admitted without objection. The court of appeals, in reversing the trial court judgment, concluded that the trial court should have admitted into evidence and considered Provident's preliminary statement.

Nellie Morehead argues the trial court was correct in not admitting Provident's preliminary statement because it was inadmissible hearsay. We agree the statement was hearsay; James has neither shown otherwise nor cited any exception to the general rule excluding hearsay evidence. Therefore, the judgment of the court of appeals, by allowing into evidence inadmissible hearsay, conflicts with Tex.R.Evid. 802.

Pursuant to Tex.R.App.P. 133(b), we grant Nellie's application for writ of error and, without hearing oral argument, a majority of the court reverses the judgment of the court of appeals and remands this cause to that court for it to consider other points of error which it chose not to consider in its original opinion.