

# IN THE
# TENTH COURT OF APPEALS

## No. 10-14-00232-CV

EMILY C. DYSON,

                                                                Appellant

 v.

DRUE ANNELLE PARKER, INDIVIDUALLY
AND AS INDEPENDENT EXECUTOR OF THE
ESTATE OF JAMES PATRICK PORTER, DECEASED,

                                                                Appellee

### From the County Court at Law No. 1
### McLennan County, Texas
### Trial Court No. 20130502-PR1

## MEMORANDUM OPINION

Drue Annelle Parker, individually and as Independent Executor of the Estate of

James Patrick Porter, sued Emily C. Dyson for a declaratory judgment that changes in

beneficiary designations to certain accounts of Porter's were improper and illegal.  The

trial court granted Parker's traditional and no-evidence motion for summary judgment

and ordered Dyson to pay Parker's attorney's fees. Because the trial court erred in granting summary judgment in favor of Parker, we reverse the trial court's judgment and remand this case to the trial court for further proceedings.

## BACKGROUND

Porter and Dyson had been in a relationship. About a year prior to Porter's death, the two broke up. At that time, Porter changed the beneficiary on three investment accounts in Vanguard Group, Inc. from Dyson to Parker, Porter's sister. Sometime before Porter's death, Porter and Dyson resumed their relationship. About a week prior to his death, Dyson contends Porter instructed Dyson to change the beneficiary on those three accounts back to Dyson and designate Dyson as the beneficiary of a fourth Vanguard investment account on which Porter had not previously designated anyone as the beneficiary.[1] Parker believed these designations were improper, sued Dyson, and was granted summary judgment against Dyson.

## SUMMARY JUDGMENT

We review a grant of a motion for summary judgment de novo. *KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 79 (Tex. 2015); *Nall v. Plunkett*, 404 S.W.3d 552, 555 (Tex. 2013). If the order granting the motion for summary judgment, such as the one in this case,

---

[1] There is some question as to whether or not the County Court at Law would have jurisdiction over the accounts with previously designated beneficiaries because those accounts would not be part of the estate administered by the County Court at Law acting as a probate court. Nevertheless, the trial court would have had jurisdiction of the one account with no designated beneficiary before Dyson designated herself the beneficiary. Because we decide that summary judgment was improper as to the account for which there was no previously designated beneficiary, we need not decide this jurisdictional question as it may relate to the other three accounts.

does not specify the grounds upon which judgment was rendered, we must affirm the judgment if any of the grounds in the motion for summary judgment is meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000); *Lotito v. Knife River Corporation-South*, 391 S.W.3d 226, 227 (Tex. App.—Waco 2012, no pet.).

The movant in a traditional summary judgment motion has the burden to show that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). In determining whether there are disputed issues of material fact, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference in the nonmovant's favor. *Nixon*, 690 S.W.2d at 548-49. Once the movant establishes its right to summary judgment as a matter of law, the burden then shifts to the nonmovant to present evidence raising a genuine issue of material fact which precludes the summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979); *Talford v. Columbia Med. Ctr. at Lancaster Subsidiary, L.P.*, 198 S.W.3d 462, 464 (Tex. App.—Dallas 2006, no pet.). In a no-evidence motion for summary judgment, the movant contends that no evidence supports one or more essential elements of a claim for which the nonmovant would bear the burden of proof at trial. TEX. R. CIV. P. 166a(i); *KCM Fin. LLC*, 457 S.W.3d at 79. The trial court must grant the no-evidence motion unless the nonmovant raises a genuine issue of material fact on each challenged element. *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008)

(citing TEX. R. CIV. P. 166a(i)). If a no-evidence motion for summary judgment and a traditional motion for summary judgment are filed which respectively asserts the nonmovant has no evidence of an element of its claim and alternatively asserts that the movant has conclusively negated that same element of the claim, we address the no-evidence motion for summary judgment first. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004); *Lotito*, 391 S.W.3d at 227.

In her motion for summary judgment, Parker first argued that Dyson had no evidence that Dyson had authority to change the beneficiary designations, a burden Parker alleged was Dyson's to prove. She also argued that because Dyson's testimony regarding Porter's request to Dyson to change the beneficiaries would be barred by the Dead Man's Rule, Parker had shown that no genuine issue of material fact existed and she was entitled to judgment as a matter of law. Because Dyson does not argue summary judgment on the same element, we discuss the traditional motion first.

## DEAD MAN'S RULE

Texas Rule of Evidence 601, otherwise known as the Dead Man's Rule, generally provides that a party may not testify against another party about an oral statement by a decedent. *See* TEX. R. EVID. 601(b)(2).[2] Whereas its predecessor, the Dead Man's Statute,

---

[2] The full text of the rule in effect at the time the issue in this case arose is as follows.

(b) **"Dead Man's Rule" in Civil Actions.** In civil actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any oral statement by the testator, intestate or ward, unless that testimony to the oral statement is

TEX. REV. CIV. STAT. ANN. art. 3716 (Vernon 1926) (repealed as to civil actions, effective September 1, 1983), extended its exclusion of evidence "to any transaction with or statement by, the testator," the Dead Man's *Rule* does not require such exclusion of evidence of transactions with the deceased. *Tramel v. Estate of Billings*, 699 S.W.2d 259, 261 (Tex. App.—San Antonio 1985, no pet.).

In *Tramel*, a lawyer's testimony regarding a change to the beneficiaries of two life insurance policies was held to relate to a transaction with the deceased and not subject to the Dead Man's Rule. It is unclear in the opinion what the testimony of the lawyer encompassed: whether it was only about the change of beneficiaries or whether it included a statement that the deceased wanted the lawyer to change the beneficiaries. This distinction makes no difference. The change of beneficiaries and the authorization of the change are all part of the transaction in changing beneficiaries. In this case, Dyson made the change in beneficiaries to three accounts and designated a beneficiary

---

corroborated or unless the witness is called at the trial to testify thereto by the opposite party; and, the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent based in whole or in part on such oral statement. Except for the foregoing, a witness is not precluded from giving evidence of or concerning any transaction with, any conversations with, any admissions of, or statement by, a deceased or insane party or person merely because the witness is a party to the action or a person interested in the event thereof. The trial court shall, in a proper case, where this rule prohibits an interested party or witness from testifying, instruct the jury that such person is not permitted by the law to give evidence relating to any oral statement by the deceased or ward unless the oral statement is corroborated or unless the party or witness is called at the trial by the opposite party.

The rule has been newly amended in 2015. All references to Rule 601(b) or the Dead Man's Rule refer to the rule set out herein.

in a fourth account at the instruction of Porter. This is all a part of a transaction with Porter to change beneficiaries and is not subject to the Dead Man's Rule. *See id*.

Even if Dyson's testimony was subject to the Dead Man's Rule because it was not testimony of a transaction but rather testimony of an oral statement by Porter, Parker waived the benefits, if any, of the Rule. When the party entitled to the protection of the Rule calls the adverse party to the stand and asks about a statement by the decedent, the Dead Man's Rule is waived as to that statement. *Lewis v. Foster*, 621 S.W.2d 400, 403 (Tex. 1981). This is likewise true when the matters are inquired about in a deposition, written interrogatories, or requests for admissions. *Id*. Specifically, when a party by those types of pre-trial procedures initiates an inquiry and requires testimony by the other party relative to a statement with a decedent which is covered by Rule 601(b), the statute is waived by the inquiring party, and at trial, the other party may testify fully regarding such statement. *Fleming v. Baylor University Medical Center*, 554 S.W.2d 263, 266 (Tex. Civ. App.—Waco 1977, writ ref'd n.r.e.); s*ee Lewis*, 621 S.W.2d at 403 n. 3 (waiver language expressly approved by Texas Supreme Court).

Parker attached Dyson's answers to Parker's first set of interrogatories as evidence in support of Parker's motion for summary judgment. Parker had asked Dyson in Parker's interrogatories to "Identify the date on which you changed the any (sic) beneficiary designations of the Decedent's in the year preceding his death and the computer you used to do so." Dyson answered, "I changed the beneficiary

designations on Pat's Vanguard accounts at his request and instruction on Sunday, October 13, 2013 and used my laptop at home to do so."   This response includes the testimony that Parker asserts is barred by the Dead Man's Rule.  However, this is also an inquiry by Parker, to which Dyson testified, regarding statements by Porter that he requested and instructed Dyson to change the beneficiaries.  There was no objection to the response and the response was used by Parker as summary judgment evidence.  By Parker's use of Dyson's testimony, Parker waived the benefit, if any, of the Dead Man's Rule, and Dyson's response to the interrogatory was evidence of her authorization to make the changes.

Thus, because Dyson's interrogatory testimony about the statements was either not subject to the Dead Man's Rule or not precluded by the Rule due to waiver, Parker has not conclusively established that the changes to the beneficiary designations of the Vanguard accounts were improper or illegal and has not shown she is entitled to judgment as a matter of law.  Accordingly, the trial court erred in granting Parker's traditional motion for summary judgment.[3]

As to Parker's no-evidence motion for summary judgment, Parker based her entitlement to summary judgment on her conclusion that the Dead Man's Rule precluded Dyson's testimony that Porter authorized her to make the changes to the

---

[3] Because of our holding as to waiver and the transactional exception to the application of the Dead Man's Rule, we need not address Dyson's arguments regarding the corroboration of the statements.

accounts. Because we have decided otherwise, the trial court also erred in granting Parker's no-evidence motion for summary judgment.

CONCLUSION

Because the trial court erred in granting summary judgment on any ground asserted, Dyson's first issue on appeal is sustained. The trial court's judgment is reversed, and this case is remanded to the trial court for further proceedings.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Reversed and remanded
Opinion delivered and filed August 27, 2015
[CV06]

